## SUPREME COURT.

BANK OF BRITISH NORTH AMERICA agt. SUYDAM, JR. AND OTHERS.

Where a complaint, in the nature of a creditor's bill, against the original debtors and their assignees, seeks to set aside the assignment made for the benefit of creditors; it is not necessary to make *all the creditors parties defendant.*   The assignees, in such case, represent all the creditors interested in the trust.   It would be otherwise, if the action was to establish and carry out the assignment, or for portions of the trust fund.

Where a judgment creditor alleges that the debtors, combining with the assignees, have endeavored, fraudulently to defeat his lien, by one of them executing a mortgage to one assignee and all of them an assignment of portions of their property to another, and prays that the securities so given may be declared void, as made with intent to hinder, delay, &c., and that a receiver be appointed, &c., *Held,* that separate causes of action are not united, The complainant stands on the ground of holding by virtue of his judgment and execution, a lien on all the real and personal estate of the judgment debtors, whether joint or separate.

If facts sufficient to constitute a cause of action for equitable relief are stated in a complaint, and a series of interrogatories, after the manner of a former creditor's bill of discovery, are also inserted.   These latter matters can not be reached by *demurrer.*   Irrelevancy is remedied by *striking out.*

*New York Special Term, February* 1852.   This is a bill filed by a judgment creditor of the late firm of Suydam, Sage & Co. against the members of the firm as the original debtors, and Ferdinand Suydam, the elder, and B. R. Robson, in whose favor the

firm, or its members had given certain preferences by assignment and mortgage.

The complainants pray that the securities so given may be declared void, as made with intent to delay, hinder and defraud; that an account may be taken, a receiver appointed and an injunction issued.

Demurrers, all substantially the same, have been put in by the defendants, in which a great variety of objections are raised, resolving themselves, however, so far as they can be noticed on this argument, into the three following:

1st. That there is a defect of parties defendant.

2d. That several causes of action have been improperly united.

3d. That the complaint does not state facts sufficient to constitute a cause of action.

> WM. C. BARRETT, *for Plaintiffs.*
>
> GEO. R. J. BOWDOIN and J. LAROCQUE, *for Defendants*

ROOSEVELT, Justice.—The *first* objection rests on the ground that the assignment, made to give certain preferences to Robson and the elder Suydam, also provided secondarily for other creditors, and that those creditors are not made parties to this suit.

Had this been a suit to establish and carry out the assignment the objection would have been well taken. Each separate creditor can not bring a separate suit for his portion of the trust fund, thus compelling the assignee to account over and over again. Whoever sues must sue on behalf of all, so that the accounting once had, may conclude all. Not so where a creditor seeks to set aside an assignment. In that case the assignee represents all the creditors interested in the trust. His defence is their defence; in the same manner as an executor represents the estate entrusted to him. As a matter of convenience as well as principle, the courts have held in such cases that all the creditors need not be made parties. The case of Grover vs. Wakeman (4 *Paige*, 23), and again reported on appeal to the Court of Errors (11 *Wend.* 187), settles this question.

Next, as to multifariousness (§ 144, 167). The meaning of the Code, in the sections relating to this subject, is that you shall not unite incongruous matters, or incongruous parties, in the

same action. As, for instance, a promissory note with an assault and battery, a claim arising out of real estate with one depending on a libel, a claim against A, on a bill of exchange made by him, with a claim against B, on a distinct and separate bill made by him.

Here, however, the claim is one. The plaintiffs' judgments are a debt of record. The law implies a covenant or contract to pay a judgment, and on this ground an action of debt could be maintained upon it. Any number of such causes, therefore, may, in the language of § 167, " be united in the same complaint." They all " arise out of contract, express or implied." But, it is said, admitting the causes of action to be homogeneous, they do not " affect all the parties in the action"; that Mr. Robson, one of the defendants holding a separate mortgage, given by one of the partners on his individual property, has no interest in the matters in controversy.

The counsel for the defendants seem to overlook the actual position of this case. The complainants stand upon the ground of holding, by virtue of their judgments and executions, a lien on all the real and personal estate of the judgment debtors, whether joint or separate.

They allege that these debtors, combining with the other two defendants, have endeavored fraudulently to defeat this lien, by executing a mortgage on part of the property to one, and an assignment of other portions to another. Had they merely made the debtors parties, we should have been told that it was an attempt to pass upon the rights of absent claimants without a hearing, and the bill must either have been dismissed for want of parties, or have stood over to bring them in. The case is analagous to that of a mortgage foreclosure on numerous lots, some, owned by the mortgagors jointly, and some separately. Suppose the mortgagors, after executing the mortgage, should sell one of the lots to A, another to B, and so on, through the alphabet; could either of these grantees say that he was not a proper party to the foreclosure, because, although he held one of the lots he had no interest in the others? He is brought in, not to force him into litigation against his will, but to give him an opportunity of being heard, if he desires it. The plaintiffs' right

is one, and is entitled to one remedy. If the debtor by judgment or mortgage chooses to subdivide the subject of the lien, he can not by so doing subdivide the lien itself. He may impose upon the creditor the burden of many parties, but the law will not allow him to subject the creditor to the further grievance of many suits. Indeed, it may fairly be inferred in the present case, that had the plaintiffs even submitted to bring several distinct suits, they would, and justly too, have been charged with multiplicity, and subjected to a motion, usual under such circumstances to compel a consolidation.

In addition to these answers to the objection we have been considering, the charge of · fraudulent combination, applicable alike to all the defendants, and by the demurrers of all admitted to be true, is of itself as settled by the Court of Appeals, in the case of McCosker agt. Brady (1 *Comst. R.* 221), perfectly conclusive.

Lastly, as to the sufficiency, not of the allegations—for that by the Code is not the test—but of the *facts* stated in the complaint, " to constitute a cause of action."

If a plaintiff shows, as is done here, a clear lien on real and personal property, which he is taking the ordinary method to enforce, and that his proceedings, thus lawfully instituted, are wrongfully impeded by fraudulent transfers, and other obstructions created by the combined action and contrivance of the defendants; such facts—and facts, for the purpose of this argument, they are admitted to be—would seem to present a very undeniable case for equitable relief. But the plaintiffs, it is said, have not set forth in their complaint the entire contents of the alleged fraudulent assignments, and have inserted a series of interrogatories after the manner of the ancient bill of discovery. These may be, and probably are, well founded objections, but they can not, under the Code, be made grounds of demurrer.

Irrelevancy is to be remedied by striking out; and this end is to be attained, not in the old formal expensive and dilatory manner of demurrer, but " *on motion* of the party aggrieved" (§ 160).

Judgment for plaintiffs, with liberty to defendants to answer in twenty days on payment of costs of the demurrers.