JOHN MITCHELL, *et al.*, Respondents, *vs.* THE BANK OF SAINT PAUL, *et al.*, Appellants.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The complaint charged that an individual became incorporated under the name of the Bank of Saint Paul, with himself as President; that he appointed a Cashier, and commenced the business of banking; that subsequently the Bank, as part of a scheme to defraud the stockholders of their shares in the capital stock, made an assignment of its effects to an incompetent assignee for the benefit of its creditors, the President still retaining control of the property; and that the assignment was executed by the President and the Cashier. Certain of the stockholders, for themselves and the others, file a bill setting out all the facts, and ask a dissolution of the corporation, the vacation of the assignment and a receiver, or the removal of the assignee and the appointment of another, an accounting against the President, Cashier and assignee, and an injunction, &c. *Held*, on demurrer, that the complaint contained but one cause of action, and that the Bank, the President, the Cashier and the assignee were proper parties to it.

Points and Authorities for Appellants.

I.—The causes of action alleged as against T. R. B. Eldridge, J. H. Eldridge, and the Bank of Saint Paul, are dis-

tinct and separate causes of action from the cause of action alleged against Harwood Iglehart, and are not such as the statute authorizes to be united. *Lewis & Pickering vs. Williams & Son*, 3 *Minn.*, 151; *Chap.* 67, *Comp. Stats., p.* 606, a 609; *Comp. Stats., p.* 540; *Van Sant. Eq. Pr.*, 190, 678.

II.—The facts alleged in the complaint do not constitute a cause of action against any of the Defendants.

Points and Authorities for Respondents.

I.—There is no defect of parties Defendant. The "defect of parties" for which a demurrer is allowed is a *deficiency* of parties, not too many of them. *Peabody vs. Wash. Co. Mut. Ins. Co.*, 20 *Barb.*, 342; *Wallace vs. Eaton*, 5 *How. Pr. Rep.*, 99; *Gregory vs. Oaksmith*, 12 *ib.*, 134; *Pinckney vs. Wallace*, 1 *Abb. Pr. Rep.*, 82; *Voorhees vs. Baxter*, 1 *ib.*, 44; *Crosby v. Berger*, 4 *Edw. Ch. Rep.*, 210; *Brownson vs. Gifford*, 8 *How. Pr. Rep.*, 362; *Lewis & Pinckney vs. Williams*, 3 *Minn.* 151.

II.—There is but one cause of action in the complaint, although a variety of relief is prayed. *Cahoon vs. Bank of Utica*, 3 *Selden R.*, 486; *Gooding vs. McAllister*, 9 *How. Pr. Rep.*, 123; *Lamoreaux vs. Atlantic Mut. Ins. Co.*, 3 *Duer*, 680. But if there be several causes of action the Defendants in their demurrers have not pointed them out at all.

III.—There is clearly one cause of action in the complaint. The Plaintiffs, stockholders of the Bank, are not only owners of the capital stock, but are personally liable for the debts of the Bank. The scheme of swindling detailed in the complaint, culminating in the assignment, by which the whole capital stock is stolen and the Plaintiffs are left to pay the debts, is certainly a cause of action against all parties in any manner connected with the transaction. If any assets remain, or can be found, the Plaintiffs are clearly entitled to have them applied to the debts of the concern, and they are just as clearly entitled to the aid of a court of equity in discovering and reaching such assets. *Comp. Stats., pp.* 606 *to* 609,

*inclusive*; *Taylor vs. Miami Exporting Co.*, 5 *Ohio, Rep.*, 165; 15 *Mass. Rep.* 522.

HORN & GALUSHA, Counsel for Appellants.

H. R. BIGELOW, Counsel for Respondents.

*By the Court*—FLANDRAU, J.—The Plaintiffs are stockholders of the Bank of Saint Paul. The Defendant, T. Romeyn B. Eldridge, is the President of the Bank. The Defendant, John H. Eldridge, is the Cashier of the Bank, and the Defendant, Iglehart, is the assignee of the effects of the Bank. The complaint alleges the incorporation of the Bank with T. Romeyn B. Eldridge as President, and one Burnell as Cashier, who was afterwards succeeded by John H. Eldridge. That all the capital stock was paid in except such as was owned by the President and Cashier, as to which the Plaintiff pleads ignorance; that the capital stock has been squandered, converted or secreted by the President with intent to cheat and defraud the shareholders and creditors of the Bank; that the assignment was made without the knowledge of the shareholders, and as part of the scheme to defraud, &c. The incompetency of the assignee is then alleged, and the misconduct of both assignee and assignor, T. Romeyn B. Eldridge, in regard to the management of the assigned estate.

The relief sought is, that the two Eldridges and Iglehart account; that the latter be removed as assignee, and some one else be appointed trustee or receiver; that the assignment be adjudged void; that the Bank of St. Paul may be dissolved, and for an injunction and receiver during the pendency of the action, &c.

The Bank, the President and the Cashier each separately demur, and allege as grounds, that there is a defect of parties defendant, a misjoinder of actions, and that the complaint does not state facts sufficient to constitute a cause of action.

These Plaintiffs represent a portion of the capital of this Bank, and sue on behalf of all the other stockholders who by contributing to the expense of the action may desire to avail

themselves of the benefit of the decree. They allege a fraudulent scheme on the part of their agents, the officers of the Bank, to misapply the capital stock and cheat them out of it. One of the means by which this scheme is to be consummated, is through the assignment of the effects of the Bank to an incompetent assignee, so that the control of the property may still remain with the President. The assignment is made by the President and Cashier. Equity in such cases is always able to afford complete relief. The stockholders, in order to make themselves secure, and save what remains of the property of the Bank, must first disarm their unfaithful agents from doing further mischief, and to this end they seek a dissolution of the Bank corporation. For this purpose the Bank and its officers are proper parties defendants. They must next gain possession and control of the assigned property. This is accomplished by either removing the incompetent assignee and appointing another, or by setting aside the assignment and putting the property in the hands of a receiver. To this end the assignee, and we think the assignor, both the Bank and the officers who executed it, are proper parties. They are also entitled to an accounting against the officers of the Bank for all money and property that they may have received as such officers. It is true that the complaint does not charge any appropriation of property against John H. Eldridge, and perhaps if the only object of the action was to obtain an account and a personal judgment, the allegation would make out no cause of action against him, but we feel clear that he is a proper party both as regards the relief sought against the Bank and the assignment. They are also entitled to an account against the assignee for all property which through his neglect or infidelity to his trust has been lost or wasted.

The Defendants insist that these several items of relief are all separate and distinct causes of action, and cannot be reached in one suit. In this we think they are mistaken. The cause of action that the Plaintiffs have against the Defendants, consists in their having entrusted their money to T. Romeyn B. Eldridge under the name of the Bank of Saint Paul, and the same individual as the President of that Bank,

and in his endeavoring to cheat them out of it, through his own acts, and the agency of certain auxiliaries, the Bank, its officers, and the assignee. The Plaintiffs unite all the participants, whether more or less guilty, and detail all the facts; the result is, that they show themselves despoiled of their property through the instrumentality of the Defendants, some to a greater, and some to a lesser degree. Whether the Plaintiffs will get all they ask, under the complaint, is not at all necessary to the question of a proper joinder of parties or actions. It is only necessary to enquire whether the facts alleged make all the parties proper parties to a full determination of the rights of the Plaintiffs. In this case we think they do.

In *Lewis & Pickering vs. Williams & Son*, 3 *Minn. R.*, 151, we held that a mere excess of parties Defendant, was no cause of demurrer for any of the parties properly sued, nor was it cause of demurrer on the part of the party improperly joined on the ground of a defect of parties, but because the complaint does not state a cause of action against him. This rule was again held in *Nichols vs. Randall*, 5 *Minn. R.*, 304. So far then as The Bank of St. Paul and T. Romeyn B. Eldridge are concerned, we have shown that a cause of action, and but one cause of action exists against them. They, therefore, cannot demur on account of the misjoinder of John H. Eldridge, even if no cause should appear for connecting him with the suit.

In regard to John H. Eldridge, he may be a proper party to the action, without the decree necessarily granting to the Plaintiff as against him, all he asks against the others. In *Seager vs. Burns et al.*, 4 *Minn. R.*, 141, an action was commenced to obtain a specific performance of a parol contract to convey land, and a certain judgment creditor was made a party Defendant, the only purpose of which was to foreclose his lien, and postpone it to the right of the Plaintiff. He demurred, alleging that no cause of action appeared against him. We overruled his demurrer on the very obvious ground, that notwithstanding the complaint charged nothing against him, and asked nothing of him, he was a necessary party to

a full determination of the Plaintiff's rights, and as such properly joined as Defendant.

All the demurrers were properly overruled, and the order is affirmed.

ATWATER, J. *Dissenting.*— I agree with my associates that the demurrers to this complaint were properly overruled, with the exception of that of John H. Eldridge. In no view of the case does the complaint state any facts showing a cause of action against him, and I am at a loss to discover upon what principle he is to be held under this complaint, as a proper party Defendant. The complaint alleges that " T. Romeyn B. Eldridge became and was a body politic and corporate by the name of The Bank of St. Paul, and still remains and is such corporation." The complaint further alleges, that the said T. Romeyn B. Eldridge has squandered the whole capital stock of the said Bank which was paid in, or converted by him to his own use, or that the same is now fraudulently concealed and secreted by him, with a view to cheat and defraud the shareholders, &c., that the business of the said bank has been from the time of its incorporation down to the time of the assignment, under *the entire charge and control* of the said Eldridge, the President thereof; that the Plaintiffs have made diligent effort to obtain from the said Iglehart and Eldridge information of the debts, assets and affairs of the said bank, and to see the books and papers thereof, but that said parties refuse to give such information, &c., but that said Eldridge keeps said books and papers in a saw mill, remote from the business portion of the city of St. Paul, and utterly refuses access to the same, or to furnish any information in regard to the same, &c. There is no charge of bad faith, or misconduct of any kind as against John H. Eldridge, nor any ground whatever shown for making him a Defendant more than any other shareholder in the bank. It is true it is alleged that he was cashier, and that the assignment was executed by the president and cashier, but the complaint also shows that this position gave him no control over the management or funds of the bank, for it expressly avers that the former was under the entire charge and control

of the president, T. Romeyn B. Eldridge, and that *he* had squandered or converted the funds.. It is not averred that the cashier was a necessary party to the execution of the assignment, but the contrary appears from the whole pleading, and much less that he had any fraudulent motive in executing the same, whereas such motive is directly charged as against the president of the bank. There is nothing for John H. Eldridge to answer to in this complaint, for he is charged with no breach of duty or trust, and no facts stated demanding a discovery from him, or that he asserts or can assert any rights or claims in conflict with those of the Plaintiffs. If in any case, in a suit of this nature, it be proper to make all the officers of the corporation parties Defendants, the averments in this complaint show conclusively to my mind, that it was improper to make the cashier a party in this case, and that the demurrer on his part should have been sustained.