[No. 14288.  Department One.— October 3, 1891.]

## C. G. WATKINS, APPELLANT, *v.* M. E. BRYANT ET AL., RESPONDENTS.

CANCELLATION OF DEED OF TRUST — ANNULLING JUDGMENT FOR FRAUD — ACTION BY CREDITOR — PLEADING — STATUTE OF LIMITATIONS — DISCOVERY OF FRAUD. — In an action by a creditor who is assignee of a note secured by a deed of trust, seeking to annul a judgment obtained by assignees of the trustor for the benefit of creditors canceling the deed of trust in a former suit brought by such assignees against the trustor and trustee and original payee of the notes, upon the ground of fraudulent default of the trustee and payee, and further seeking to enforce the canceled deed of trust, a complaint which shows that the judgment was obtained more than three years before the commencement of the action, and merely avers that plaintiff "had no notice or knowledge, either of said suit or the decree therein, until after the rendition of said decree," but does not aver that the fraud was first discovered within three years next before the commencement of the action, does not state a cause of action.

ID.— VALIDITY OF JUDGMENT OF CANCELLATION — PARTIES — REPRESENTATION OF CREDITOR BY TRUSTEE — HOLDERS OF NEGOTIABLE PAPER.— The judgment canceling the deed of trust is not void as against holders of negotiable paper secured thereby who were not named or described in the deed of trust, and were not parties to the action to set it aside, such creditors being represented by the trustee, who was made a party defendant. An action to set aside or annul a deed of trust may be maintained against a trustee without the presence of the beneficiaries, and especially so when the beneficiaries consist of many creditors who are holders of negotiable paper executed and delivered to a payee named in the deed, and negotiated by him before maturity to persons not described in the deed by name or by any classification.

ID.— RELIEF AGAINST DEFAULTING PARTIES. — When a deed of trust has been canceled, and no ground is shown by the complaint for setting aside the judgment of cancellation, a creditor suing to set it aside and to enforce the trust is not entitled to any judgment against defaulting parties to the deed of trust against whom no personal judgment is asked.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion.

*John B. Hall*, for Appellant.

It is claimed on demurrer that there are others who are united with the plaintiff in interest in obtaining the relief demanded, and they are not joined as either plaintiffs or defendants, nor any excuse or explanation given

for the omission. But in suits of this character a single creditor may proceed alone. Other creditors cannot be prejudiced, for they may intervene (Code Civ. Proc., sec. 387), or the court will *sua sponte* order them to be brought in. They may come in voluntarily while the trial is in progress, and they will be admitted on conditions, even after the case has been heard. (1 Daniell's Chancery Practice, 284, 410; Pomeroy's Remedies and Remedial Rights, secs. 256–258, 330, 331; Story's Eq. Pl., sec. 166; *Baker* v. *Bartol,* 6 Cal. 483; *Von Schmidt* v. *Huntington,* 1 Cal. 55; *Robinson* v. *Gleason,* 53 Cal. 38; *O'Connor* v. *Irvine,* 74 Cal. 435; *Gieske* v. *Anderson,* 77 Cal. 248; *Haughton* v. *Davis,* 23 Me. 28; *Mudget* v. *Gager,* 52 Me. 541; *Reynolds* v. *Bank of Virginia,* 6 Gratt. 174; *Bryant* v. *Russell,* 23 Pick. 508; *Ward* v. *Waterman,* 85 Cal. 488; *Burns* v. *Beck,* 83 Ga. 471; *Jones* v. *Davenport,* 45 N. J. Eq. 77.) This action is emphatically *in rem.* Its object is to enforce an equitable lien by which the land was bound when the subsequent grantees took their respective conveyances. No valid decree touching their interests could be made in their absence. But they acquired whatever rights, if any they have, with notice of the trust deed, and their rights are held in subordination to rights of its beneficiaries. (Civ. Code, secs. 863–865, 3460; Pomeroy's Remedies and Remedial Rights, sec. 247; *Wilson* v. *Castro,* 31 Cal. 420, 426; *Broder* v. *Conklin,* 77 Cal. 330; 2 Perry on Trusts, sec. 873; *Price* v. *Reeves,* 38 Cal. 457; *Cramer* v. *Tittle,* 79 Cal. 332; *Watson* v. *Sutro,* 86 Cal. 500; *Wetmore* v. *Porter,* 92 N. Y. 76; *People* v. *Bacon,* 99 N. Y. 275; *Dougherty* v. *Creary,* 30 Cal. 297; 89 Am. Dec. 116; *Robinson* v. *Gleason,* 53 Cal. 38.) The money in the hands of the defendants Wilhoit, Langford, and Bemert (in their claimed character of assignees) is the proceeds of and represents interests in the trust property, and is charged with the trust the same as was the property itself. (*Bank* v. *Stillwater Co.,* 36 Minn. 75.) There was no misjoinder of causes of action. The non-payment of the claims due to these creditors from and out of the trust estate by reason of the

trustee's non-performance of duty, and the consequent right to a judicial subjection of that estate to the charge imposed upon it by the trustor, is the single cause of action stated in this bill; and his subsequent grantees are brought in, to the end "that there may be a complete decree which shall bind them all." (Pomeroy's Remedies and Remedial Rights, sec. 331.) The objects and purposes of the trust are such as the law expressly approves, and, as well as the beneficiaries of the trust, are indicated with reasonable certainty. The latter are all such creditors of the grantor to whom he is indebted, either as principal or surety, at the date of the deed, by and upon promissory notes made and given to Tully, the party of the third part, whether these notes remain in the hands of Tully or have been transferred to others. It was not necessary to describe by name the holders of these evidences of indebtedness. (Civ. Code, secs. 857, 1085, 2221, 2222; *Coake* v. *Platt*, 98 N. Y. 35; *Estate of Hinckley*, 58 Cal. 473; *Charter Oak Ins. Co.* v. *Gisborne*, 5 Utah, 319; *Railroad Co.* v. *Durant*, 95 U. S. 576.) Neither was it essential to the validity of the trust that the creditors should have been cognizant of the execution of the deed at the time. Their assent and acceptance will be presumed. (*Martin* v. *Funk*, 75 N. Y. 134; 31 Am. Rep. 446; *Reinhard* v. *Bank of Kentucky*, 6 B. Mon. 252; *People* v. *Bacon*, 99 N. Y. 279; *Ingram* v. *Kirkpatrick*, 6 Ired. Eq. 463; 51 Am. Dec. 428; *Suydam* v. *Dequindre*, Harr. (Mich.) 347.) The deed put the title in the trustee, with power to sell. This power was annexed to the land itself, and became a part of the security. It was not revocable, except by the consent of all the beneficiaries. Every attempt to transfer or use the property in contravention of the trust is absolutely void, and so long as the debts remain, the trust will exist. It is inextinguishable by the combined acts of the trustor and trustee in which the creditors do not join, and ceases only when the purpose for which it was created ceases; and equity will not permit that purpose to fail for want of a trustee. (Code Civ. Proc., sec.

1180; Civ. Code, secs. 863, 870, 871, 2250-2252, 2279, 2280, 2282, subd. 4, 2283, 2287, 2289; *In re Dolan's Estate,* 79 Cal. 66; *Brennan* v. *Wilson,* 71 N. Y. 506, 507; *Ingram* v. *Kirkpatrick,* 6 Ired. Eq. 463; 51 Am. Dec. 428; *Harvey* v. *McDonnell,* 113 N. Y. 526, 531; *Suydam* v. *Dequindre,* Harr. (Mich.) 347; *Mackinnon* v. *Stewart,* 1 Eng. L. & Eq. 158; *Reynolds* v. *Bank of Virginia,* 6 Gratt. 174; 2 Perry on Trusts, sec. 602 h.) As against the plaintiff, the trust was not extinguished by the decree in *Wilhoit* v. *Davis,* and he is not thereby bound or barred of his right to enforce the trust, as he was neither a party to that suit (Code Civ. Proc., sec. 1908; 2 Perry on Trusts, sec. 873; Pomeroy's Remedies and Remedial Rights, sec. 331; 1 Daniell's Chancery Practice, 303; 1 Story's Eq. Pl., secs. 192, 193, 207; *Schuehle* v. *Reiman,* 86 N. Y. 270); nor was he or any other creditor represented in that suit by the trustee. (2 Perry on Trusts, sec. 874.) It was not necessary that the plaintiff charge, in terms, that the acts or omissions of the defendants to the suit of Wilhoit et al. were done or suffered with intent to defraud. It is sufficient to allege these acts or omissions, and it is then for the court to declare their legal effect. (*Heeser* v. *Miller,* 77 Cal. 192; *Broder* v. *Conklin,* 77 Cal. 330; *Andrews* v. *King County,* 1 Wash. 46; 1 Story's Eq. Jur., secs. 187, 195; Civ. Code, sec. 1573.) The willful admission by the trustee of the averments of the complaint in *Wilhoit* v. *Davis,* and implied assent to the decree therein prayed for, was indisputably a gross breach of duty and a fraud *per se,* whatever was his motive or intent. (Civ. Code, secs. 870, 2228, 2234.) This suit is not barred by any one or more of the provisions of the Code of Civil Procedure specified in the several demurrers, as this defense can only be made upon demurrer when it clearly appears upon the face of the complaint that the statute has fully run. (*Barringer* v. *Warden,* 12 Cal. 314; *Ord* v. *De la Guerra,* 18 Cal. 67, 75; *Miles* v. *Thorne,* 38 Cal. 335; 99 Am. Dec. 384; *Cameron* v. *San Francisco,* 68 Cal. 390; *Doe* v. *Sanger,* 78 Cal. 151.) Upon the facts of the record here,

it is not within the power of the demurring defendants to set up the defense in question, as both the plaintiff and the defendant Wilkes were creditors and co-*cestuis que trustent* of the deed. The mortgage subsequently made to Wilkes was given to secure the same indebted, ness, changed only from several notes to one note. (2 Perry on Trusts, 2d ed., sec. 863, and cases cited in notes 3, 4.) It is only a subsequent purchaser or mortgagee in good faith and for value who can avail himself of the statute of limitations for the protection of his interest, even if his grantor or mortgagor does not make the plea. (*Ward* v. *Waterman*, 85 Cal. 488, 507.) The equitable lien on the trust estate continues as long as the debt is neither paid nor barred by lapse of time, and the trust does not cease until its purpose has been accomplished. (Civ. Code, secs. 871, 2911; 2 Perry on Trusts, sec. 602 h.)

*Baldwin &.Campbell,* and *Wilkes & Rutherford,* for Respondents.

There was a misjoinder of parties to the action, and the demurrer was rightly sustained. All persons materially interested, either legally or beneficially, in the subject-matter or the result of the suit must be parties. (*King* v. *Berry's Ex'rs,* 3 N. J. Eq. 52; Code Civ. Proc., secs. 367, 382.) In all actions in equity to enforce or " administer the trust, " all persons interested,— all the beneficiaries — must unite in the action. (Pomeroy's Remedies and Remedial Rights, sec. 268.) The complaint shows that the plaintiff has no legal capacity to sue alone. (See Pomeroy's Remedies and Remedial Rights, secs. 268, 355; *O'Connor* v. *Irvine,* 74 Cal. 435, 442, 443.) Plaintiff has not alleged sufficient facts to enable him to sue as one for many having " a common or general interest." (Civ. Code, sec. 382.) A few creditors will not be permitted to bring a bill of this sort for an account and administration of the assets, without saying in the bill that it is brought on behalf of themselves and all the other creditors. (Story's Eq. Pl., sec. 99.) The allegations of the complaint that the plaintiff sues in this representa-

tive capacity because there are many persons having that common or general interest to be represented should be positive and specific, so they may be denied and an issue raised on them; for if on that issue, which when made must be tried, it is demonstrated that the number is not "many," or their interest is not "common," plaintiff must fail as to his representative suit. (Pomeroy's Remedies and Remedial Rights, secs. 390, 391, 402; Pomeroy's Eq. Jur., sec. 268.) Two supposed causes of action are improperly united in said complaint, and are not separately stated. (Code Civ. Proc., sec. 427.) The judgment canceling the deed, and declaring it fraudulent and of no effect from its inception, was rendered by a court of competent jurisdiction; and however erroneous or even fraudulent the said judgment may be, it is not void, cannot be treated as a nullity, and is therefore conclusive as a bar on these parties, until set aside and vacated by a competent court, on sufficient allegations, in a direct proceeding for that purpose. (*Richter* v. *Jerome*, 123 U. S. 246, 247; *Lee* v. *Figg*, 37 Cal. 336, 337; 99 Am. Dec. 271; *Jenkins* v. *Frink*, 30 Cal. 591; 89 Am. Dec. 134; *Feeney* v. *Howard*, 79 Cal. 528, 529; 12 Am. St. Rep. 162.) The cause of action claimed to be stated in the complaint is barred by the statute of limitations and by sections 337 and 343 of the Code of Civil Procedure. (*Lux* v. *Haggin*, 69 Cal. 267.) Whenever, or as soon as, the trustee repudiates the trust and his possession becomes adverse, then the statute begins to run, and in the fullness of time, the beneficiary or any one else will be barred of all rights. (*Trustees of the University of North Carolina* v. *State National Bank of Raleigh*, 96 N. C. 280.) It is only in express, or "technical, direct, and continuing, trusts," and between the trustee and the beneficiaries alone, that the statute does not run. (Perry on Trusts, sec. 858; Angell on Limitations, secs. 166, 468; *Love* v. *Watkins*, 40 Cal. 547; 6 Am. Rep. 624.) The trustee represented the beneficiaries, and they are bound by the judgment. (*Kerrison* v. *Stewart*, 93 U. S. 155; *Rand* v. *Walker*, 117 U. S. 344; *Corcoran* v. *Chesapeake etc.*

XCI. CAL.—32

*Canal Co.*, 94 U. S. 744; *Richter* v. *Jerome*, 123 U. S. 246, 247; *Union R. R. Co.* v. *Dull*, 124 U. S. 173, 174; *Rogers* v. *Rogers*, 3 Paige, 379.) Instead of the allegation required, as to the time of the discovery of fraud, plaintiff only alleges that "he had no notice or knowledge either of the said suit or decree therein until after the rendition and entry of said decree," and then further alleges that said decree was rendered on the twenty-seventh day of May, A. D. 1886. Such an allegation was clearly insufficient. (Code Civ. Proc., sec. 338, subd. 4; *Le Roy* v. *Mulliken*, 59 Cal. 282; *Carpentier* v. *City of Oakland*, 30 Cal. 444; Bigelow on Frauds, 118.) If plaintiff did not actually discover the fraud within the three years, yet he is barred by this subdivision 4 of section 338, if he had the means of knowledge only, without the actual knowledge. (*Dannmeyer* v. *Coleman*, 8 Saw. 58; Pomeroy's Eq. Jur., secs. 809, 917: Perry on Trusts, sec. 861.)

VANCLIEF, C. — A demurrer to the complaint in this action was sustained. The plaintiff declined to amend his complaint, and thereupon judgment was rendered in favor of defendants. This appeal by the plaintiff from the judgment presents the general question whether or not the demurrer should have been sustained. The complaint purports to be on behalf of the plaintiff, and of such other creditors of Bryant as will come in and contribute to the expenses of the suit, and occupies twenty-seven pages of the transcript; but the following is deemed a sufficient statement of its substance for all purposes of the appeal.

On January 17, 1885, the defendant Bryant made two promissory notes to the defendant Tully, each for the sum of five hundred dollars, payable six months after date, with interest at the rate of one and a half per cent per month. On the same day, Tully indorsed the notes to plaintiff in these words: "Without recourse on me, John Tully." The consideration for the notes was a loan from plaintiff to Bryant of one thousand dollars,

which loan had been negotiated by Tully, and the notes were intended to secure payment of that loan.    At the time of making these notes, " Bryant was indebted, and still is indebted, in divers sums, to many persons besides this plaintiff," amounting to not less than thirty-five thousand dollars, upon promissory notes made by him to Tully, and indorsed by Tully to them.

On October 1, 1885, for the purpose of securing the payment of the above-mentioned promissory notes and like notes to be thereafter made, the whole not to exceed sixty thousand dollars, Bryant executed to John S. Davis a deed of trust of some eleven tracts of land, described by legal subdivisions, and three town lots, aggregating about fourteen hundred acres.    John Tully was named as party of the third part to this deed of trust, and authorized to pay the taxes on the land, and to prosecute or defend suits considered necessary to protect the trust and the title to the land.    In case of Bryant's default in making payment of any of the debts secured, the trustee (Davis) is authorized to sell so much of the trust property as necessary, and to apply the proceeds to the payment of such debts.    None of the creditors intended to be secured, except Davis and Tully, are named in the trust deed.    Davis expressly accepted the trust.

The execution of this instrument was acknowledged by Bryant on the day of its date, and on the ninth day of October, 1885, was duly recorded.

On February 16, 1886, Bryant, in accordance with the provisions of the Civil Code, made an assignment of all his property, subject to the trust created by the above instrument, to the defendants Wilhoit, Langford, and Bemert, for the benefit of his creditors, and on the same day filed in the office of the county recorder an inventory of his estate, including all the land described in the above deed of trust, and wherein the defendants Davis and Tully are listed as creditors for large sums of money, and wherein it is stated that said lands were encumbered by certain mortgages other than the deed of

trust, and also, that one quarter-section of the land was exempt from execution, it being his homestead.

On April 6, 1886, the assignees, Wilhoit, Langford, and Bemert, commenced an action against Davis, Tully, and Bryant to set aside and annul the deed of trust above set out, on the ground of fraud, and that it was never delivered to Davis by authority of Bryant, the acts constituting the fraud being stated in the complaint, and being sufficient to warrant the relief asked as against Davis, Bryant, and Tully, the only defendants in that action; but neither the plaintiff in this action nor any other creditor of Bryant, except Davis and Tully, were made parties to that action. The defendants were duly served with summons, but made default, and on May 27, 1886, judgment was rendered against them to the effect that the trust deed of October 1, 1885, was fraudulent, and a cloud upon the title of the plaintiffs in that action as assignees for the creditors of Bryant; that it be annulled and canceled; that Davis convey the lands to the assignees by good and sufficient deed, etc., within five days; and that Davis and Tully be perpetually enjoined from asserting any title to or claim upon the lands under or by virtue of the deed of trust.

After stating the above facts, the complaint herein proceeds to allege that the material averments of the complaint of the assignees against Davis, Tully, and Bryant, as to fraud and non-delivery of the deed of trust, were false, and known to be so by Davis, Tully, and Bryant at the time they made default, and at the times their default was entered and judgment taken against them; that the plaintiff herein (Watkins) "had no notice or knowledge either of said suit or the decree therein, until after the rendition of said decree," and that divers other creditors of Bryant, designated in said deed of trust, had no notice or knowledge of said suit and decree before the rendition and entry of said decree.

The complaint herein further states that Davis has not done any act or thing in or towards the execution of his trust or the performance of his duty under the

deed of trust, and "at all times since the date of said decree has refused to perform the said trust and the duties connected therewith"; that in the years 1886 and 1887, several portions of the land described in the deed of trust were sold under several decrees of court to satisfy mortgages thereon prior to the deed of trust, and that such mortgages were satisfied from the proceeds of such sales (from the description of the land thus sold by legal subdivisions, it must amount to over six hundred acres); that an additional one quarter-section of said land (the homestead quarter) was sold under a foreclosure decree on April 27, 1889, to satisfy a mortgage executed by Bryant to defendant Wilkes on February 17, 1886, to secure a note of that date for $9,033, but that the consideration for this note consisted solely of the sum of several smaller notes made before the date of the deed of trust, and which were secured by the deed of trust; this quarter-section was purchased by Wilkes at the foreclosure sale for the sum required to satisfy the foreclosure decree, viz., $12,125.58. Wilkes had notice of the deed of trust at and before the time he took the mortgage thus foreclosed. That on one of the foreclosure sales above mentioned, the sheriff reported a surplus of $1,533.40, which was ordered by the court to be paid to the assignees, without notice to Davis or to plaintiff; that the assignees sold the right of redemption to another tract which had been sold at a foreclosure sale for $9,000, which they now hold in their hands; that the assignees redeemed from the foreclosure sale the three town lots, and resold them at a profit of $1,000; and further, that they have received and hold in their hands, of the income, rents, and profits derived from said lands since February 16, 1886 (date of assignment), about $10,000; that Bryant has no property subject to the payment of his debts except the real estate described in the deed of trust, and plaintiff has no security except his lien upon that property or its proceeds by virtue of the deed of trust; that no part of his debt has been paid; and that the trust

remains unexecuted, and will so continue, unless enforced by decree of this court.

It is also alleged in the complaint that on July 13, 1889, the plaintiff commenced an action against Bryant on the two promissory notes indorsed to him by Tully as above stated, and obtained a personal judgment against Bryant for the sum of $2,342.60, including interest and costs.

The prayer of the complaint is, that it may be adjudged that the decree canceling and annulling the deed of trust "is in fraud of the rights of, and of no effect as against. this plaintiff; that the several tracts, pieces, or parcels of land in said deed described, . . . . not heretofore sold for the satisfaction of the mortgages to which said deed of trust refers, together with the said surplus," viz., the sums alleged to be in the hands of the assignees, Wilhoit, Langford, and Bemert, amounting to about twenty-one thousand dollars, be adjudged subject to said deed of trust; that the last above-described lands be sold under the direction of the court, and the proceeds thereof, together with the money in the hands of assignees, Wilhoit, Langford, and Bemert "be applied to the payment in full, or the payment ratably, of this plaintiff's said demands, with those of all other creditors meant, mentioned, or intended to be secured by the said deed of trust, and who may come in and contribute to the expenses of this suit; and that the mortgage of February 17, 1886, to the defendant Wilkes, was subsequent and subordinate to the equitable lien of this plaintiff," and for such other relief, etc.

To this complaint, the defendants Wilhoit, Langford, and Bemert, the assignees, and Wilkes demurred, on the general ground that it does not state facts sufficient to constitute a cause of action, and on the special grounds of non-joinder of parties plaintiff and defendant, misjoinder of causes of action, and that the causes of action appear to be barred by sections 318, 337, 338, and 343 of the Code of Civil Procedure.

The other defendants, Bryant, Davis, and Tully, made default.

1. Conceding, without deciding, that there is not a misjoinder of causes of action, still, the complaint shows that the judgment of May 27, 1886, canceling the deed of trust, ordering Davis, the trustee, to convey the trust property to the assignees, Wilhoit, Langford, and Bemert, and perpetually enjoining Davis and Tully from asserting any title or claim to the trust property, is an insuperable obstacle to any relief sought in this action so long as that judgment remains in force; and this is the theory of the complaint, which charges that that judgment was obtained by and through the fraudulent default of Davis and Tully, and on the ground of this alleged fraud seeks to annul it in this action. The prayer of the complaint is, that it be adjudged that that judgment " is in fraud of, and of no effect against, this plaintiff." If this relief cannot be granted, it is plain that the deed of trust canceled by that judgment cannot be enforced in this action, either through the instrumentality of Davis, or any trustee appointed by the court. Therefore, if it appears that the cause of action to annul and set aside that judgment on the ground of fraud is barred by the statute of limitations, the plaintiff can have no cause of action upon the canceled deed of trust, and the demurrer to the complaint was properly sustained on that ground.

This action was not commenced within three years after the rendition of the judgment annulling the deed of trust, and consequently not within three years after the acts constituting the fraud by which that judgment is alleged to have been obtained; yet there is no averment in the complaint that the fraud was first discovered within three years next before the commencement of this action (*People* v. *Blankenship*, 52 Cal. 619), the only averment in this respect being that the plaintiff " had no notice or knowledge, either of said suit or the decree therein, until after the rendition of said decree."

It is contended, however, for the appellant that the

decree canceling the deed of trust, etc., was absolutely void as to this plaintiff, as he was not a party to the suit in which that decree was rendered. The answer to this is, that although not named as a party to that action, he was represented therein by the trustee, Davis. Says Mr. Pomeroy, in his work on Remedies and Remedial Rights, section 357: "There is a broad distinction between the case of an action brought in opposition to the trust to set aside the deed or other instrument by which it was created, and to procure it to be declared a nullity, and that of an action brought in furtherance of the trust to enforce its provisions, to establish it as valid, or to procure it to be wound up and settled. In the first case, the suit may be maintained without the presence of the beneficiaries, since the trustees represent them all, and defend them." This, as an exception to the general rule, applies to the case at bar, and seems to be well supported by the following and other authorities: *Kerrison* v. *Stewart*, 93 U. S. 155; *Corcoran* v. *Chesapeake etc. Canal Co.*, 94 U. S. 744; *Rand* v. *Walker*, 117 U. S. 344; *Richer* v. *Jerome*, 123 U. S. 246; *Union R. R. Co.* v. *Dull*, 124 U. S. 173; *Rogers* v. *Rogers*, 3 Paige, 378; *Winslow* v. *Minnesota etc. R. R. Co.*, 4 Minn. 313; 77 Am. Dec. 519; *Paul* v. *Fulton*, 25 Mo. 156; *Bank of British North America* v. *Suydam*, 6 How. Pr. 379; *Mitchell* v. *Bank of St. Paul*, 7 Minn. 252; Jones on Mortgages, 1399; Code Civ. Proc., sec. 369; *Chew* v. *Brumagen*, 80 U. S. 497.

Admitting that in a case of this kind the beneficiaries would have been proper parties, and also that in case they were not made parties it was the duty of the trustee to notify them of the pendency of the suit, yet it does not appear in this case that either the trustee, Davis, or the plaintiffs in the action to annul the trust deed, knew, or had the means of ascertaining, who were the beneficiaries. The deed of trust did not name nor describe any one of them. Nor did it classify them by reference to any common attribute, except that the class consisted of all such persons as held negotiable notes made by Bryant to Tully and indorsed by the latter, amounting to

*not more* that sixty thousand dollars, and which may have been made either before or after the execution of the deed of trust.   There may have been 30, 60, or 120 holders of these notes, and many of the notes may have been negotiated after their indorsement by Tully.   Suppose a holder of any one of these notes made after the execution of the deed of trust had been found, — how could it have been ascertained whether his note was within, or in excess of, the sixty-thousand-dollar limit? Under these circumstances, the application of the exceptional rule permitting the trustee to represent the holders of these notes is peculiarly appropriate.   Besides, it seems at least doubtful whether or not the deed of trust was void for uncertainty as to the beneficiaries.

2. It is claimed by appellant that the court erred in refusing to give judgment against the defaulting defendants, Bryant, Davis, and Tully; but inasmuch as the complaint shows that the deed of trust upon which the action was brought had been canceled, the plaintiff was not entitled to any relief against Davis or Tully.   No personal judgment against Bryant on his promissory notes is asked; besides, such a judgment would have been superfluous, as plaintiff had obtained a personal judgment against Bryant on those notes in July, 1889.

As the foregoing considerations dispose of the case finally, it is not necessary to consider the points as to laches and equitable estoppel.

I think the judgment should be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.