## RAND v. WALKER.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Submitted March 2, 1886.—Decided March 22, 1886.

A bill for the assignment of dower brought in a State court alleged that A, one of the defendants, in purchasing the property, acted as agent and trustee of B, and took and held title to the joint use and benefit of himself and B. The complainant and B were citizens of the same State ; A was a citizen of a different State. The answers took no notice of these allegations. *Held*, That the petition of A to remove the cause to the Circuit Court of the United States should be denied, as B was a necessary party to the suit.

The right to take steps for the removal of a cause to a Circuit Court of the United States on the ground of a separable controversy is confined to the parties actually interested in such controversy.

After removal of a bill in equity from a State court to a Circuit Court of the United States on motion of one of the respondents, the complainant filed a cross-bill alleging that a judgment, obtained in the Circuit Court in a suit in which she was not a party, after the removal, had been obtained collusively and did not conclude her : *Held*, That this presented no reason why the cause, having been improperly removed, should not be remanded.

The case is stated in the opinion of the court.

*Mr. W. C. Goudy* for appellant.

*Mr. E. S. Isham* for appellee.

Mr. Chief Justice Waite delivered the opinion of the court. This is an appeal under § 5 of the act of March 3, 1875,

18 Stat. 470, ch. 137, from an order of the Circuit Court remanding a suit which had been removed from a State court. The suit was brought in the Superior Court of Cook County on the 4th of April, 1881, by Martha A. Walker, widow of Martin O. Walker, deceased, a citizen of Illinois, against George C. Rand, Jr., Charles E. Brown, Thomas Brown, and Henry G. Tucker, citizens of New York, and John W. Doane, Samuel Otis Walker, Edward Stone Walker, Augustus L. Chetlain, and Charles Fargo, citizens of Illinois, for an assignment of dower in certain lots in Chicago. The bill charges that Martin O. Walker died on the 28th of May, 1874, seized of the lots described, and leaving Martha A. Walker, his widow, and the defendants Walker, his sole heirs-at-law; that on the first of August, 1874, Mrs. Walker, the widow, demanded of the heirs an assignment of her dower, which was refused; that in the beginning of the year 1875, the heirs conveyed the property to the defendant Fargo, who went into possession and also refused to assign dower, although requested; that the defendant Chetlain was administrator of the estate of the decedent, and that he, in 1878, as such administrator, sold and conveyed the property to the defendant Rand. The bill then proceeds as follows:

"And your oratrix charges on information and belief, and avers the fact to be, that said Rand, in making said purchase, acted in part as the agent and trustee of one John W. Doane, and took and held the title to said premises to and for the joint use and benefit of himself and of the said Doane; and your oratrix shows that ever since said last-mentioned conveyance said Rand and Doane have entered into and enjoyed the possession of said premises, but that said Doane and Rand, though often requested, have, ever since taking possession of said premises, wholly neglected and refused to set off and apportion to your oratrix her dower therein, by reason whereof the said Doane and Rand became, and still are, liable to your oratrix for damages for the detention of her dower in said premises since said second day of November, A.D. 1878.

"And your oratrix further shows that on or about the said second day of November, A.D. 1878, said Fargo conveyed said

premises to Carrie Walker, wife of said Samuel O. Walker, and on said last-mentioned day, and as part of the same transaction, said Carrie Walker and Samuel O. Walker conveyed said premises to said Rand, as your oratrix charges in part, in trust for said Doane, and that said Doane and Rand now hold said premises free from all encumbrance, except the estate of dower of your oratrix therein.

"And your oratrix insists that the said Samuel O. Walker and Edward S. Walker are liable unto your oratrix in damages for the detention of her dower in said premises from the time she demanded of them that her dower be set off in said premises until they conveyed said premises to said Fargo, to wit, the first day of January, A.D. 1875; and that said Fargo is liable to your oratrix in damages for the detention of her said dower from said last-mentioned day till the second day of November, A.D. 1878, and that said Doane and Rand are liable to your oratrix for damages for the like detention of her said dower rights in said premises from said second day of November, A.D. 1878."

It is then stated that the premises were subject to the lien of a deed of trust made to Charles E. Brown, in favor of Chauncey Tucker, now deceased, Henry G. Tucker, and Thomas Brown, but it is alleged that, for reasons set forth, this lien is no longer a charge on the property as against the dower which is claimed.

The defendants Brown and Tucker answered the bill on the 20th of June, 1881, denying the allegation that their deed of trust had in any manner been discharged as a lien on the property superior to the dower of Mrs. Walker. On the 26th of August, 1881, the defendants Doane and Rand filed a joint general demurrer to the bill. Separate demurrers of the same character were filed on the same day by the defendants, the Walkers, Chetlain, and Fargo. On the 5th of December, 1881, the demurrer of Rand and Doane was withdrawn, those of the Walkers overruled, and that of Fargo sustained, with leave to Mrs. Walker to amend her bill in ten days, which she did. Demurrers to the amended bill were filed by Chetlain and the defendants Walker, December 21, 1881. These de-

murrers were overruled February 1, 1882, and on the 10th of
the same month answers were filed by the Browns and Tucker,
by Fargo, by Edward Stone Walker, by Samuel Otis Walker,
by Chetlain, and by Rand and Doane. In the answer of
Rand and Doane, which was joint, reasons were given why
dower had not been assigned, but the conveyances to Rand as
charged in the bill were admitted. While in the answer it is
stated that Rand alone holds the legal title under that con-
veyance, no reference whatever is made to the allegation in
the bill that this title is held for the joint account of Rand and
Doane, and that the premises had been since the conveyances
in their joint possession.

On the same day that this answer was filed Rand presented
his petition to the court for a removal of the suit to the Circuit
Court of the United States. This petition set forth the citizen-
ship of Mrs. Walker, Rand, the Browns, and Tucker, at the
time of the commencement of the suit, and at the time of the
presentation of the petition, the same as is above stated; that
the petitioner alone held the legal title to the property, and
that "in said suit there is a controversy which is wholly
between citizens of different States, and which can be fully
determined as between them, to wit, a controversy between
said Martha A. Walker, and your petitioner and the said
Thomas Brown, Charles E. Brown, and Henry G. Tucker."
The State court thereupon made an order transferring the
cause to the Circuit Court of the United States. A copy of
the record was entered in due time in the Circuit Court,
whereupon a motion to remand was made by Mrs. Walker
and denied by the court, but afterwards, on the 8th of June,
1885, after the cause had been argued at the final hearing, it
was remanded. The evidence showed clearly that Doane had
a substantial interest in the property under the title held by
Rand. From the order to remand this appeal was taken.

Upon the argument here two positions were taken in sup-
port of the order appealed from, to wit:

1. That the petition for removal was not presented in time, and

2. That Rand had no controversy in the case to which
Doane was not a necessary party.

Without considering whether, under the circumstances of this case, the order to remand could be sustained at the time it was made on the first of these grounds, we are entirely satisfied it was properly granted under the second. The suit is for an assignment of dower in lots the legal title to which is, according to the pleadings and the evidence, in Rand for the joint use and benefit of himself and Doane. Rand and Doane are also, as is alleged on the one side and not denied on the other, in joint possession, and the prayer of the bill is for a decree against them jointly for damages on this account as well as for the assignment of dower.

It is claimed, however, that, as Rand holds the legal title, Doane is an unnecessary and merely nominal party, because his interests are represented for all the purposes of the suit by Rand as his trustee. It is certainly true, as was said in *Kerrison* v. *Stewart*, 93 U. S. 155, 160, that "under some circumstances a trustee may represent his beneficiaries in all things relating to their common interest in the trust property. He may be invested with such powers and subjected to such obligations that those for whom he holds will be bound by what is done against him, as well as by what is done by him. The difficulty lies in ascertaining whether he occupies such a position, not in determining its effect if he does. If he has been made such a representative, it is well settled that his beneficiaries are not necessary parties to a suit by him against a stranger to enforce the trust, . . . or to one by a stranger against him to defeat it in whole or in part." But this case has nothing in the pleadings, or elsewhere, to show that Rand was authorized to represent Doane in respect to the property any more than one tenant in common represents another. Having the legal title, a judgment against him in favor of one not chargeable with notice of Doane's equity might bind Doane as well as Rand, but here there is the notice, and the bill has been brought against both Rand and Doane on that account. So far as this suit is concerned, Doane is just as much a necessary party as he would be if the deeds under which Rand holds had in express terms provided that the conveyances were made for the joint use and benefit of the two, and certainly under those

circumstances, especially if the two were in actual possession, Doane would be as necessary a party as he would be if both the legal and the equitable title were in him. As the suit now stands, it is, so far as Rand and Doane alone are concerned, by a citizen of Illinois against one defendant a citizen of Illinois, and another defendant a citizen of New York, to obtain an assignment of dower in property owned by the two defendants jointly, and in which they have a common interest. Both defendants are necessary parties, and consequently there cannot be a removal by one alone, because the controversy is not separable, nor by the two together, because as to them there is not the necessary citizenship.

It is argued, however, that the order to remand ought not to have been granted, because the bill shows there is in the suit a separable controversy between Mrs. Walker and the parties interested in the deed of trust to Charles E. Brown, trustee, in which the citizenship necessary for a removal exists. As to this, it is sufficient to say that neither of the parties to this controversy, if it be separable, a question which we do not decide, have petitioned for removal, and the right to remove a suit on the ground of a separable controversy is, by the statute, confined to the parties " actually interested in such controversy."

After the suit got into the Circuit Court a supplemental bill was filed by Mrs. Walker, in which she alleged that a certain judgment, which had been obtained in the Circuit Court of the United States after the removal, in a suit to which she was not a party, had been obtained by collusion between the parties thereto, and did not conclude her upon certain questions arising under the deed of trust to Brown. This, it is claimed, gave the Circuit Court jurisdiction independent of any question of removal, on the ground that thereafter the suit was one arising under the Constitution and laws of the United States within the meaning of the act of 1875. To this we cannot agree. The effort of Mrs. Walker is not to avoid the judgment as between the parties, but to show that as to her, she not being a party, it has no effect. This raises no question under the authority of the United States.

The order remanding the case is                    *Affirmed.*