## REJALL v. GREENHOOD et al.

### (Circuit Court of Appeals, Ninth Circuit. February 6, 1899.)

### No. 433.

1. JUDGMENT AS ADJUDICATION — PARTIES CONCLUDED — JUDGMENT AGAINST TRUSTEE.

In a suit to set aside an assignment for the benefit of creditors, the assignee represents all the beneficiaries of the trust; and a judgment against him is binding upon such beneficiaries, though they were not parties to the suit.

2. EQUITY—EFFECT OF SUSTAINING PLEA IN BAR.

Where a plea in bar meets all the claims made in the bill, and is sustained on issue joined, the defendant is entitled to the benefit of such finding, in a decree dismissing the bill; and the complainant cannot insist that it should have been retained for the purpose of granting him relief not prayed for, and inconsistent with the theory upon which the suit was brought.

Appeal from the Circuit Court of the United States for the District of Montana.

This action was instituted by the appellant against the appellees for an accounting as to certain goods and property alleged to have been wrongfully taken from an assignee, in which goods and property appellant claims to have had an interest or equity. The facts leading to this action were the following: Isaac Greenhood and Ferdinand Bohm, doing business under the firm name of Greenhood, Bohm & Co., in the city of Helena, Mont., and in the city of New York, on the 12th day of February, 1892, executed and delivered a deed of assignment, for the benefit of all their creditors, to one Max Kahn, as assignee (one of the defendants in this action), who accepted the assignment, took possession of the assigned property, and proceeded with the execution of the trust. There were a number of preferred creditors, among whom was the appellant herein. The defendant National Bank of Helena, also a preferred creditor under the assignment, on the 13th day of February, 1892, commenced an action in the district court of Lewis and Clarke county, Mont., against the defendants Greenhood, Bohm & Co., to recover judgment for the sum of about $35,000. A writ of attachment was issued, and delivered to the sheriff, who seized and levied upon the property formerly assigned to Kahn. On April 8, 1892, the defendant bank recovered a judgment for the amount of its claim; and on the 18th day of April, 1892, execution was issued upon this judgment, and delivered to the sheriff, who then had in his possession the stock of goods and property before attached. The sheriff returned the execution unsatisfied; stating that he could find no property in Lewis and Clarke county out of which to satisfy said execution, except the property attached, and which was included in the assignment to the defendant Kahn. On the 21st day of April, 1892, the defendant bank commenced an action in equity in the same court against Isaac Greenhood, Ferdinand Bohm, and Max Kahn for the purpose of setting aside the assignment of Greenhood, Bohm & Co. to Kahn, on the following grounds: (1) Want of sufficient description of the property pretended to be conveyed; (2) because said pretended assignment was made and executed with the intent and for the purpose of hindering, delaying, and defrauding the plaintiff herein, and the other creditors of the firm of Greenhood, Bohm & Co.; (3) because said pretended assignment was not executed by all the members of the firm of Greenhood, Bohm & Co., and all the owners of the property thereby pretended to be conveyed. In its bill of complaint the defendant bank alleged that it sued for the benefit of all creditors, and asked for the appointment of a receiver of all the assets and property described in the said assignment. The court on the 27th day of April, 1892, appointed William Muth receiver of the assets of Greenhood, Bohm & Co., whether in the hands of the sheriff, or of said Kahn, as assignee. Immediately thereafter all of said property was delivered over to the said receiver, and was disposed of by him under the order of the state court. On July 19,

92 F.—60

1892, and during the pendency of the case in the state court, the appellant herein filed his bill in the United States circuit court, claiming that he was a beneficiary under the trust of Kahn, and that the defendant bank, the receiver, the sheriff, Jefferis, and the two Hershfields, fraudulently conspired to, and did, seize all of the assigned property; and they were asked to account therefor to the appellant, and pay over the income and profits in satisfaction of his debt. He proceeded upon the theory that he had an equitable interest in the property under the assignment, and was entitled to an accounting for all the property received by the defendants under the proceedings in the state court, and to a distribution of the proceeds of the same to him and the other beneficiaries under the assignment. The case of the defendant bank against Greenhood, Bohm, and Kahn in the state court proceeded to trial without any other creditor of Greenhood, Bohm & Co. joining in its prosecution; and, as to the Merchants' National Bank, it was decreed that the assignment was executed and delivered with the intent to hinder, delay, and defraud the creditors of said firm of Greenhood, Bohm & Co., and was void as to the bank and the other creditors not assenting thereto. Thereupon, in this case in the circuit court, by permission granted by the court (60 Fed. 784), pleas in bar were presented and filed by defendants, setting forth that the suit in the state court had been determined, and that it had been adjudicated that the assignment was fraudulent and void. Replications to the pleas in bar were filed by appellant. The pleas were referred to a master in chancery, who heard testimony, and found, among other things, that the court had jurisdiction of the subject-matter of the action in the district court wherein the Merchants' National Bank of Helena was plaintiff, and Greenhood, Bohm, and Kahn were defendants, and of the parties thereto; that the appellant herein, Ernst Rejall, was a beneficiary under the deed of assignment made by said Greenhood, Bohm & Co. to Max Kahn; that a trial of said action was duly had, and judgment entered therein declaring the said deed of assignment fraudulent and void; that an appeal was duly had from said judgment to the supreme court of the state of Montana; that the said judgment was by the said supreme court duly affirmed (41 Pac. 250), and was then in full force and effect. Exceptions were filed to the report of the master by both parties, which were by the court overruled. Thereupon the case came on to be heard, and the court sustained the plea. Thereafter, on July 1, 1897, a final decree was entered dismissing complainant's bill.

Chas. H. Cooper and Sanders & Sanders, for appellant.

McConnell, Clayberg & Gunn, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The principal question to be determined is whether the appellant, upon the facts stated in his bill, is bound by the judgment recovered in the action in the state court, declaring the assignment of Greenhood, Bohm & Co. to Max Kahn fraudulent and void, and canceling and setting aside the same. The general rule is that a judgment or decree is not evidence against one who is a stranger to the proceeding; but to this rule there is at least one exception, and that is, in an action brought in hostility to a trust,—to set aside a deed or other instrument by which the trust was created, and to procure it to be declared a nullity,—the suit may be maintained without the presence of the beneficiaries, since the trustee represents all, and defends for all. A decree rendered in the suit binds them as effectually as if they had been made parties, and is conclusive against them. Pom. Code Pl. § 357; Russell v. Lasher, 4 Barb. 232; Scudder v. Voorhis, 5 Sandf. 271; Rogers v. Rogers, 3 Paige, 379; Wakeman v. Grover, 4 Paige, 23; Winslow v. Railroad Co., 4 Minn. 313 (Gil. 230);

Chew v. Brumagen, 13 Wall. 497; Kerrison v. Stewart, 93 U. S. 155; Vetterlein v. Barnes, 124 U. S. 169, 8 Sup. Ct. 441; 2 Enc. Pl. & Prac. § 904. The pleas of the defendants in this case set up a judgment of this character affirmed by the highest court in the state, and the plaintiff, being a beneficiary under the assignment, was bound by it.

It is unnecessary to inquire into the regularity of the attachment proceedings in that case, since that question is disposed of by the judgment.

The appellant claims further that the judgment of the state court only operated to set aside the assignment as to the bank "and other creditors not assenting thereto," and that, claiming under the assignment, he has an interest in the surplus remaining after the satisfaction of the bank's claim, and that such interest entitles him to maintain this suit. The appellant's bill of complaint does not, however, proceed upon that theory. It does not seek to enforce appellant's claim against the surplus. It charges that certain acts of the defendants were in violation of his rights under the assignment. These acts were the proceedings taken in the state court which resulted in the judgment set up in the plea. The complainant joined issue upon this plea, and the facts were found in favor of the defendants. The plea having met and satisfied all the claims of the bill, the defendants were entitled to the benefit of the finding in a decree dismissing the bill. Horn v. Dock Co., 150 U. S. 610, 14 Sup. Ct. 214. The decree of the circuit court dismissing the bill of complaint is therefore affirmed.