[Civil No. 1310.    Filed October 18, 1913.]

[135 Pac. 719.]

ROGER SHERMAN and E. L. UPTON, Appellants, v. LIBBIE GOODWIN and J. C. GOODWIN, Appellees.

1. MORTGAGES—ASSIGNMENT OF DEBT—RIGHTS OF ASSIGNEE—NOTICE OF CONDITIONS.—The holder of a note, originally payable to the maker and secured by deed of trust, is bound by the provision of the first indorsement that it should be payable only out of the premises, and by the provision of the recorded deed of trust making it the active duty of the trustee to protect the holder of the notes.

2. MORTGAGES—DUTIES OF TRUSTEE—ACTION TO QUIET TITLE.—Where a trustee under a deed of trust is made defendant in an action to quiet title against the lien of the trust deed, his duty requires him to notify the beneficiary of the action, or to inform the court of the rights of a beneficiary not a party to the action.

3. ACTION—CONSOLIDATION OF ACTIONS.—Where the court ordered an action against a trustee to quiet title against the lien of the trust deed to be consolidated with an action by the trustee and the beneficiary to foreclose the lien of the trust deed, it acquired jurisdiction in the action to quiet title over the beneficiary to the same extent as if he had originally been a party thereto.

4. JUDGMENT—CONCLUSIVENESS—PERSONS CONCLUDED—BENEFICIARY.— Where a trust deed to secure notes, payable out of the property .conveyed, authorized the trustee to represent the holders of the notes, who were not named in the deed, the holder of the notes is concluded by judgment in an action against the trustee to quiet the title.

5. MORTGAGES—CONSTRUCTION—POWERS OF TRUSTEE.—A trust deed to secure the payment of a note, which authorized the trustee to sue in his own name, and provided for the payment of attorneys' fees to either the trustee or holder of the note, indicates an intention that the trustee and the note holder should have equal authority to maintain an action, and that only one of them was a necessary party to protect the rights of the holder.

6. JUDGMENT—CONCLUSIVENESS — PERSONS CONCLUDED — PARTICIPATION IN ACTION.—Where it appeared, in an action to foreclose a trust deed, that there had been another action by the owner of the land to quiet title, to which the trustee was a party, and was represented by the same attorneys who appeared in the foreclosure proceedings, and the foreclosure was allowed to stand on the docket for seven years without any action, and until after the final disposition of the action to quiet title, it may be inferred that the holder of the note was awaiting decision in the action to quiet title, and that he relied on the trustee to protect his interests, and therefore had an actual adjudication upon his right to a lien.

APPEAL from a judgment of the Superior Court of the County of Maricopa. J. C. Phillips, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

This is an action commenced by the appellants against the appellees, seeking to foreclose a lien created by a trust deed made by James Wilson and wife to P. L. Sherman, as trustee, or to Roger Sherman, as his successor in trust, to secure the payment of two notes, payable to the order of the grantor in the sums of $1,000 each; one payable six months after date, and the other payable nine months after date, both with interest. The deed of trust and notes bear date of October 20, 1899, and the real estate described in the deed of trust and complaint is pledged to secure the payment of said notes. The deed of trust was recorded February 3, 1900, in book

34, Records of Mortgages, at page 390 et seq., Records of Maricopa County.

The following provision appears in the trust deed: "Whereas, the said James Wilson, grantor, herein, is justly indebted upon two promissory notes bearing even date herewith, payable to the order of himself, one in the sum of $1,000, due and payable six months after date, one in the sum of $1,000, due and payable in nine months after date, with interest at six per cent per annum. Now, if default be made in the payment of the said promissory notes or any part thereof, or the interest thereon at the time and in the manner above specified for the payment thereof, or in case of waste or nonpayment of taxes, or of a breach of any of the covenants or agreements herein contained, then in such case the whole of said principal sum and interest secured by the said promissory notes shall thereupon, at the option of the legal holder or holders thereof, become immediately due and payable, and, on the application of the legal holder of said promissory notes or either of them, it shall be lawful for the said grantee, or his successor in trust, to enter into and upon and take possession of the premises hereby granted, or any part thereof, and to collect and receive all rents, issues and profits thereof, and in his own name or otherwise, to file a bill or bills in any court having jurisdiction thereof against the said party of the first part, his heirs, executors, administrators and assigns to obtain a decree for the sale and conveyance of the whole or any part of premises for the purposes herein specified, by said party of the second part, as such trustee. . . . "

It is alleged that on the date of the said notes and trust deed the said Wilson, "for a valuable consideration, indorsed, assigned, and delivered the said promissory notes to one D. H. Pinney, and that thereafter the said D. H. Pinney, for a valuable consideration, assigned, indorsed, transferred, and delivered the said promissory notes to the plaintiff, E. L. Upton," and Upton is the owner and holder of the notes and deed of trust. It is averred that in December, 1900, the premises were conveyed to one Watrous, subject to the lien of the trust deed; thereafter, in March, 1901, Watrous and wife, for the expressed consideration of $2,500, conveyed the premises to Desda A. Wilson and Libbie Wilson, now the

defendant Libbie Goodwin. It is averred that the last deed conveyed the premises subject to the lien of the trust, and it was so accepted by the grantees, and they assumed the payment of the notes secured by the trust deed. Desda A. Wilson on June 27, 1902, for an expressed consideration of $1,500, conveyed her undivided half interest in the premises to Libbie Goodwin, subject to the lien of the trust deed and the notes secured thereby, and is in possession. It is alleged that the notes are due with interest and unpaid, and $100 attorney's fees are payable to the trustee under the terms of the trust deed.

The relief demanded is judgment against Libbie Goodwin in the sum of $2,000, principal due on notes and interest, and for $100 as attorney's fees, and costs, a foreclosure of the lien, and sale of the property to satisfy the judgment, and other ordinary general relief.

The defendants plead in bar a former adjudication of the cause of action here asserted, and, as such plea, they set forth the complaint, answers, judgment, findings of fact, and conclusions of law in cause No. 3969, which was an action between Libbie Goodwin, plaintiff, against James Wilson, P. L. Sherman, Roger Sherman, and D. H. Pinney, whereby the plaintiff was seeking to quiet her title to the identical real estate and property herein involved. The complaint pleaded is in the usual form of the statutory action to quiet title, and claims the ownership of the property in the plaintiff in fee simple, and alleges that the defendants claim an estate or interest therein adverse to the plaintiff; but the claim of defendants is without right whatever. The defendants other than James Wilson join in a demurrer to the complaint, upon the grounds that the complaint does not state facts sufficient to constitute a cause of action, and not waiving the demurrer, they deny ''generally and specially each and every allegation in the said complaint contained.'' They also specially deny a plea of infancy, and demur to the balance of plaintiff's answer to defendants' cross-complaint for the reason that the same is not sufficient to constitute a defense. The cross-complaint is not otherwise referred to in the plea. P. L. Sherman alone demurs to the complaint for want of sufficient facts, and answers, denying ''each and every allegation in the complaint,'' except the allegation that this defend-

ant has and claims to have some right, title, and interest in the premises described in said complaint, which said right, title, and interest is adverse to the right, title, and interest therein claimed by plaintiff. This defendant answers further, alleging that he claims interest in the premises as trustee under two deeds of trust, one dated October 20, 1899, executed by James Wilson and wife, and delivered to this defendant as trustee therein, conveying the said premises to this defendant as trustee, and the other trust deed of like import was dated October 23, 1899, executed by the same grantors, and delivered to this defendant as trustee. A prayer for costs and general relief concludes the answer.

The judgment is in favor of Libbie Goodwin and against P. L. Sherman and D. H. Pinney for costs, and quiets the plaintiffs' title against all adverse claims of the defendants and all persons claiming or to claim said premises or any part thereof through and under said defendants, and adjudges such claims invalid and groundless. The mandates evidence the affirmation of the judgment.

Defendants herein in their plea in bar aver that the plaintiff Upton claims title to the premises by reason of an assignment by D. H. Pinney to him of the notes secured by the trust deed; that thereby said plaintiff became privy to said judgment through Pinney, and is bound by the judgment. Defendants answer the complaint, setting forth the indorsement on the notes showing that they are payable only out of the property, and alleging want of consideration, and the execution of the notes and deed of trust in fraud of creditors. The plaintiffs demur to the answer for sufficient facts, and deny that the issues in the former action were the same as in this action, and deny that the cause of action in the former and in this is the same. They do not deny the facts stated in the plea nor in the answer. Plaintiffs' demurrer to the answer was overruled.

A trial of the issues raised upon the plea in bar and the demurrer to the answer resulted in a judgment for the defendants. The plaintiffs appeal from the judgment.

Mr. Walter Bennett and Messrs. Pinney & Langston, for Appellants.

Messrs. Stoneman & Ling, for Appellees.

CUNNINGHAM, J.—The appellants assign the following as error: "(1) The court erred in overruling the motion for a new trial, for the reason that evidence was allowed to be introduced on the trial under the plea in bar set up in the answer to the complaint, which was not sufficient to sustain and constitute a plea in bar to the action, and did not constitute any defense to plaintiffs' action. (2) The court erred in overruling plaintiffs' demurrer to defendants' answer, wherein they set up that the deed of trust was executed without consideration, and for the purpose of defrauding creditors, for the reason that the facts set up in said answer did not state facts sufficient to constitute a defense to said action. (3) The court erred in permitting the defendants to introduce any evidence to sustain the answer of a plea in bar, for the reason that the facts set up as and for a plea in bar are not sufficient to constitute a plea in bar to this action. (4) The court erred in entering judgment against the plaintiffs and in favor of the defendants, for the reason that the evidence submitted as and for a plea in bar was not sufficient to sustain a plea in bar of this action, and not a defense to plaintiffs' cause of action."

The first, third, and fourth assignments of error relate to the plea in bar. They are the same in effect, and present one question, viz., whether the facts stated in the plea in bar are sufficient to constitute a defense to the complaint. Otherwise stated, Do the facts stated in the plea in bar constitute an estoppel, and bar plaintiffs from prosecuting this action? The second assignment presents the question of the sufficiency of the facts alleged in the answer to constitute a defense.

The former action, No. 3969, is alleged to have been an action brought by Libbie Goodwin against P. L. Sherman, Roger Sherman, James Wilson, and D. H. Pinney to quiet title in Libbie Goodwin, plaintiff in said cause, and defendant in this cause, to the identical lot, piece, and parcel of land, and that the title of and to said lot, piece, and parcel of land was, by the judgment pleaded, forever quieted in the said Libbie Goodwin against said P. L. Sherman, Roger Sherman, James Wilson, and D. H. Pinney, and all those holding or claiming to hold under or through them, or either of them; that the judgment was a judgment on the merits; that Roger Sherman was substituted for P. L. Sherman in conformity to the

trust deed; that E. L. Upton claims a lien upon the tract
of land involved in this and the former cause by reason of
the trust deed and an assignment by one D. H. Pinney to
him of the notes alleged to have been secured by said trust
deeds, the validity of which were litigated and determined
finally upon the answer of P. L. Sherman and Roger Sher-
man, trustees thereof; that judgment in the former action
binds E. L. Upton and D. H. Pinney in this action, for the
reason they are parties or privies to said cause of action
determined in the former action No. 3969.

The plea in bar is drawn upon the theory that the trustee
in such deed of trust may defend and represent the bene-
ficiary generally in litigation affecting the subject of the
trust, and a judgment in such action binds such beneficiary,
although not a party to that record.

The former action was a statutory action to quiet Libbie
Goodwin's title to the property by annulling and canceling
the trust deeds held against the property by P. L. Sherman,
as trustee, and his successor in trust, and to remove the
cloud on her title, cast thereon by the lien in favor of the
holders of the notes. The trust deed here involved became
effective as a lien when James Wilson indorsed the two notes
to D. H. Pinney. By that contract of indorsement the notes
were made payable "out of the premises described in the
trust deed and not otherwise." The evident purpose of
this contract was to relieve the maker of the notes from per-
sonal liability for a deficiency after the property was ex-
hausted. It had the effect to charge upon the property
alone the debt evidenced by these notes by making the notes
payable out of that property. At the time Upton became
the holder of the notes this indorsement was upon them, and
he is bound by that contract. He is also charged with notice
of the terms of the deed of trust from the record of that
instrument. The duty of the trustee was made an active duty
to protect the holder of these notes. Upon the application
of the holder of the notes he was required to proceed to a
foreclosure and enforcement of the lien against the property
"as such trustee." Libbie Goodwin claimed ownership of
the property, and refused to recognize the validity of the
trust deed under the control of the trustee. By her suit to
quiet her title she brought before the court the only parties

controlling the trust deed claim, of whom she was charged by the records with notice, viz., James Wilson, the grantor, P. L. Sherman, the trustee, and D. H. Pinney, the holder of the notes, and by her suit required them to set forth their claims to the property, if any they had, to the end that such claims be adjudged invalid.

The duty of the trustee under the trust deed to protect the interests of the holder of these notes would have been only partially performed, if, when the action was commenced in hostility to the trust, he should fail to notify the beneficiary of such action pending, or to inform the court of the rights of a beneficiary not a party to the action, to the end that the court could perform its duty and bring in the omitted party, if such party was necessary to a complete determination of that action.

The minute entries in this cause disclose that the trustee so considered his duty that this action was by an order of the court consolidated with the former action. The order was entered April 25, 1904. The effect of that order was to give the court jurisdiction over this plaintiff Upton for all purposes of that suit. He thereby became a party to all intents and purposes, as if he had been made a party in the beginning by the plaintiff in the first instance, or by the order of the court he was brought before the court. His duty to defend his claims was the same, and the judgment of the court would be equally effective upon his claims, without regard to the manner in which he became a party. The allegation in the plea in bar is that this plaintiff was a party to the former action, and, if nothing further had been alleged in that connection, we would find but little difficulty in disposing of the question raised here. The plea in bar is so framed that defendants do not rest upon the allegation that Upton was a party to the former action; but they rest their plea upon the allegations that the trustee was a party to the former action as well as a party to this action. By reference to the minute entries in the record before us, we find that the order consolidating the two actions was vacated by an order of the court made in this cause on December 12, 1905. This order vacating the former order doubtless was considered by the defendant as having the effect of dismissing plaintiff Upton from the former action. The effect of

that order we do not now decide, but concede that such was its effect.

The question of parties is squarely presented by the position of the defendants. The notes were made payable to the promisor, with the intention that they would be indorsed and delivered to unknown holders. They were made payable out of a specific property, and secured by the trust deed giving the trustee power to represent the holder of the notes in the matters of enforcing collection of the debt against the property. The holder was unnamed in the deed of trust. The action to quiet title was commenced in hostility to the trust, and to annul and cancel the lien. The trustee was made a party defendant in such action. Was the holder of the notes or beneficiary a necessary party, also, in order to be bound by the judgment in such action?

The rule is stated by Pomeroy on Code Remedies, section 254, page 349 (fourth edition, Boyle), thus: ''There is a broad distinction between the case of an action brought in opposition to the trust to set aside the deed or other instrument by which it was created, and to procure it to be declared a nullity, and that of an action brought in furtherance of the trust to enforce its provisions, to establish it as valid, or to procure it to be wound up and settled. In the first case the suit may be maintained without the presence of the beneficiaries, since the trustees represent them all, and defend for them.''

The rule is recognized in *Watkins* v. *Bryant,* 91 Cal. 492, 504, 27 Pac. 775, a case very similar to the one at bar. In this case an action was brought in hostility to the trust making the trustee a party defendant, but not making the beneficiary of the trust a party, in which action the trust deed was held invalid. Subsequently, in an action by the beneficiary as the holder of some of the notes secured by the trust deed, the court held that the beneficiary was not a necessary party to the former action, but was represented therein by the trustee, and was concluded by that judgment. *Glide* v. *Dwyer,* 83 Cal. 477, 23 Pac. 706; *Rejall* v. *Greenhood,* 92 Fed. 945, 35 C. C. A. 97; *Kerrison* v. *Stewart,* 93 U. S. 155, 23 L. Ed. 843; 2 Perry on Trusts, 6th ed., 1430, sec. 873, ·note 1; 23 Cyc. 1247.

Judge MORROW, speaking for the circuit court of appeals in 92 Fed. 946, 35 C. C. A. 99, says: "The general rule is that a judgment or decree is not evidence against one who is a stranger to the proceeding; but to this rule there is at least one exception, and that is, in an action brought in hostility to a trust to set aside a deed or other instrument by which the trust was created, and to procure it to be declared a nullity, the suit may be maintained without the presence of the beneficiaries, since the trustee represents all, and defends for all. A decree rendered in the suit binds them as effectually as if they had been made parties, and is conclusive against them"—citing authorities.

Chief Justice WAITE, in *Kerrison* v. *Stewart, supra,* recognizes the exception to the general rule, speaking for the court, in this language: "It cannot be doubted that, under some circumstances, a trustee may represent his beneficiaries in all things relating to their common interest in the trust property. He may be invested with such powers and subjected to such obligations that those for whom he holds will be bound by what is done against him, as well as by what is done by him. The difficulty lies in ascertaining whether he occupies such a position, not in determining its effect if he does. If he has been made such a representative, it is well settled that his beneficiaries are not necessary parties to a suit by him against a stranger to enforce the trust (*Shaw* v. *Railroad Co.,* 5 Gray [Mass.], 171; *Bifield* v. *Taylor,* 1 Beat. 91 [1 Molloy, 193]; *Campbell* v. *Railroad Co.,* 1 Woods, 376 [Fed Cas. No. 2366]; *Ashton* v. *Bank,* 3 Allen [Mass.], 220), or to one by a stranger against him to defeat it in whole or in part (*Rogers* v. *Rogers,* 3 Paige [N. Y.], 379; *Wakeman* v. *Grover,* 4 Paige [N. Y.], 34; *Winslow* v. *Railroad Co.,* 4 Minn. 317 [(Gil. 230), 77 Am. Dec. 519]; *Campbell* v. *Watson,* 8 Ohio, 500). In such cases the trustee is in court for and on behalf of the beneficiaries, and they, though not parties, are bound by the judgment, unless it is impeached for fraud or collusion between him and the adverse party."

That the trustee in the deed of trust here involved was empowered to represent his beneficiaries in the matter of Goodwin's suit to quiet title, there can be no doubt. By the express terms of the trust deed the trustee was not required to wait until the beneficiary called upon him to perform his

duties under the trust; but in default of payment of the principal or interest when due, he was required, "in his own name or otherwise, to file a bill or bills in any court having jurisdiction thereof against the said party of the first part, his heirs, executors, administrators, and assigns to obtain a decree for the sale and conveyance . . . of premises for the purposes . . . specified, . . . as such trustee." The trust deed provides for attorneys' fees to be recoverable by the trustee upon the foreclosure and sale of the property, and contains this provision: "It is agreed that said grantor shall pay all costs and attorneys' fees incurred or paid by said grantee (trustee) or the holder or holders of said notes in any suit in which either of them may be plaintiff or defendant, by reason of being a party to this trust deed, or a holder of said notes, . . . ." clearly indicating the intention of the parties to the trust deed was to give the powers and authority equally to the trustee and the beneficiaries to maintain an action for the collection of notes held by the beneficiary. The intention to compensate either would seem to imply that both were not necessary to protect the beneficiary's rights under the trust. Either could perform this service, in which event the one performing would receive a return of his costs and attorneys' fees expended in performing such service.

The same attorneys represented the trustee in the former action that are representing the trustee and holder of the notes in this action, and have ably performed their duties. The trustee as shown by the plea in bar was a party to the record in the former action, and the judgment therein is against him and all parties claiming under and through him. The trustee vigorously and persistently resisted the action of the Goodwins, and against him no charge of neglect or collusion is made. In that action he represented Upton's claims, if not by direction of Upton, which seems likely, then by reason of his duties as trustee, with Upton's full knowledge and consent, and retained the identical attorneys to represent him therein as Upton himself retained in this suit. The judgment was rendered in the former suit on May 18, 1906. The appeals from that judgment were finally disposed of, resulting in affirming the judgment on May 11, 1912. The minute entries of this cause are silent from December 12,

1905, upon which date the order vacating the order for a consolidation of the two actions was made to ''March Term, 1912,'' when the death of P. L. Sherman was suggested, and Roger Sherman was substituted as the successor in trust to said P. L. Sherman, and the time fixed for a trial of the cause. The appellants furnish us this record. It is a reasonable inference to be drawn from this seven years' silence that the plaintiffs were awaiting the final result of the former action. If Upton had no interest in that cause, why should he defer action in this case seven years? These are matters suggestive of the fact that Upton relied upon the trustee to represent his interests in the former action. If so, he has not only had an opportunity to be heard upon his cause of action, but he has actually had an adjudication upon the validity of the lien, and lost. The judgment binds him. The plea in bar is sufficient. The court properly sustained it, and rendered judgment accordingly.

This disposes of the cause. The sufficiency of the answer need not be considered, as it becomes immaterial whether any answer was filed to the complaint; the plaintiff being estopped by the former adjudication.

The judgment is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.