### In re FRANKLIN BREWING CO.

(District Court, E. D. New York. June 17, 1918.)

BANKRUPTCY ⚙️305 — JUDGMENT ⚙️691 — PERSONS BOUND — BONDHOLDERS REPRESENTED BY MORTGAGE TRUSTEE.

Holders of bonds of a corporation secured by trust mortgage are bound by the decree in a suit in the bankruptcy court by trustees in bankruptcy of the corporation against the mortgage trustee adjudging the bonds void, and such court has power to enforce the decree by requiring their surrender.

In Bankruptcy. In the matter of Franklin Brewing Company, bankrupt. On motion by trustees for order directing surrender of bonds of bankrupt. Motion granted.

See, also, 252 Fed. 324.

Samuel Evans Maires, of Brooklyn, N. Y., for petitioners.

Henry F. Cochrane, of Brooklyn, N. Y., for respondents.

GARVIN, District Judge. This is a motion made by the trustees in bankruptcy of the Franklin Brewing Company, bankrupt, for an order directing Henry Doscher, John Doscher, Charles Doscher, Gesine Engel, Mathilda C. Behre, Caroline Candidus, and the People's Trust Company to forthwith surrender up and deliver to the trustees 450 alleged coupon bonds made, issued, transferred, and delivered to the several persons mentioned. These bonds were secured by a trust mortgage made by the bankrupt to the People's Trust Company as trustee for these bondholders. After the adjudication herein the trustees in bankruptcy brought an action against the People's Trust Company, asking that this mortgage be set aside and canceled on the ground that it was illegal, invalid, and void. Where-

---

⚙️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

upon a decree was made by this court in the said suit in favor of the trustees and against the People's Trust Company, decreeing that the said bonds were illegal, invalid, and void as against the trustees in bankruptcy. This decree has been affirmed by the Circuit Court of Appeals. The holders of the bonds, having been represented by the trustees of the mortgage issued to secure the bonds, are bound by the decree. Beals v. Illinois Railroad Co., 133 U. S. 290, 295, 10 Sup. Ct. 314, 33 L. Ed. 608; Richter v. Jerome, 123 U. S. 233, 246, 8 Sup. Ct. 106, 31 L. Ed. 132; Shaw v. Railroad Co., 100 U. S. 605, 611, 25 L. Ed. 757; Kerrison, Assignee, v. Stewart, 93 U. S. 155, 160, 23 L. Ed. 843.

The decision of the court in the suit setting aside the mortgage contains the following words:

"At the time this mortgage was executed neither the People's Trust Company nor any other person or persons paid to the Franklin Brewing Company any cash money for the mortgage; nor did any person or persons pay any money, furnish any labor, or give property to that corporation for either the mortgage or bonds in question."

Section 55 of the New York Stock Corporation Law (Consol. Laws, c. 59) reads:

"*Consideration for Issue of Stock and Bonds.*—No corporation shall issue either stock or bonds except for money, labor done or property actually received for the use and lawful purposes of such corporation."

These alleged bonds, therefore, are void, and I am of the opinion that this court has the power to enforce the effect of the decision in the action to set aside the mortgage.

Charles Doscher submits an affidavit in which he alleges on information and belief that the bonds may be necessary as evidence in any controversy arising between the legatees of Claus Doscher and the executors thereof. An order, therefore, may be entered, directing Henry Doscher, John Doscher, Charles Doscher, Gesine Engel, Mathilda C. Behre, Caroline Candidus, and the People's Trust Company to forthwith surrender up and deliver to Louis Karasik, Christopher L. Meyerdirks, and Thomas W. Maires, as trustees in bankruptcy of the Franklin Brewing Company, all of the 450 alleged coupon bonds made, issued, and delivered to the said persons, which were secured by the said mortgage of $450,000.

This order will contain a provision requiring the said trustees, upon canceling the said bonds, to retain them in their possession, so that they may be available in any litigation between the legatees of Claus Doscher and the executors thereof, as evidence.