[Civ. No. 3269.  Third Appellate District.—June 6, 1927.]

## L. E. JOHNSON et al., Respondents, v. Mrs. J. A. CURLEY et al., Appellants.

[1] CANCELLATION OF INSTRUMENTS—TRUST DEED—NOTICE TO BENE-FICIARIES—PRESUMPTIONS.—Where the assignees of the beneficiary under a trust deed made no showing that they were without actual knowledge of a pending suit to cancel the deed for fraud, and their assignor actually appeared and defended in that action, the court will presume that the assignees had such notice.

[2] TRUSTS — ACTIONS AFFECTING TRUST ESTATE — PARTIES — JUDG-MENTS.—The general rule is that in proceedings affecting a trust estate, whether brought by or against third persons, the trustee and *cestui que trust* are so far independent of each other that the latter must be made a party to the suit in order to be bound by the judgment or decree rendered therein.

[3] ID.—PARTIES—RELATIONSHIP OF TRUSTEE AND CESTUI QUE TRUST. The trustee may sue at law respecting the trust estate or defend a suit brought against him if the instrument by which the trust is created does not inhibit, and the *cestui que trust,* though the absolute owner in equity, is regarded in a court of law in the light of a stranger.

[4] QUIETING TITLE — TRUSTS — AUTHORITY OF TRUSTEE TO ACT FOR BENEFICIARIES—EVIDENCE—PRESUMPTIONS—APPEAL.—In an action to quiet title, where the record of the evidence is not before the

---

2.  Conclusiveness against beneficiaries of judgment against trustee, note, 73 Am. St. Rep. 165. See, also, 26 R. C. L. 1343, 1344.

3.  See 15 Cal. Jur. 201; 20 Cal. Jur. 497; 25 Cal. Jur. 353; 26 R. C. L. 1341.

reviewing court on appeal from a judgment against the bene-
ficiaries of a trust deed, the court will presume that such deed
conferred on the trustee authority to act for the beneficiaries.

[5] CANCELLATION OF INSTRUMENTS—PARTIES—ASSIGNEES OF BENE-
FICIARIES UNDER TRUST DEED—JOINDER.—Under sections 367 and
369 of the Code of Civil Procedure, the assignees of beneficiaries
under a trust deed are not necessary parties to an action to have
such deed declared void for fraud, since, under the declaration of
trust, it is the duty of the trustee to represent them, even though
they were proper parties and might have been joined upon appli-
cation pursuant to section 387 of the Code of Civil Procedure.

(1) 4 C. J., p. 737, n. 58.    (2) 34 C. J., p. 1003, n. 43.    (3) 39
Cyc., p. 446, n. 35, p. 450, n. 77.    (4) 4 C. J., p. 741, n. 28.    (5) 9
C. J., p. 1230, n. 46.

APPEAL from a judgment of the Superior Court of
Tehama County.  John F. Ellison, Judge.  Affirmed.

The facts are stated in the opinion of the court.

David Cosgrave for Appellants.

McCoy & Gans and V. S. Kipp for Respondents.

THOMPSON (R. L.), J., *pro tem.*—This is an appeal from
a decree rendered in favor of plaintiffs, quieting title to
two hundred acres of land in Tehama County.

The question involved in this action is whether the
beneficiary under a trust deed is a necessary party to an
action to set aside the deed on the ground that it was
procured by fraud, or whether, on the contrary, the trustee
as a party defendant represents the beneficiary so as to
bind him by a decree declaring the deed void.

The plaintiff Johnson is the owner of the property in
question, subject to two *bona fide* trust deeds represented
by parties plaintiff.  L. W. Lovey was the former owner
thereof.  March 22, 1920, while Lovey was the owner, one
L. H. Brown purported to execute another trust deed af-
fecting the title to the premises in question to the Berkeley
Bank of Savings and Trust Company, as trustee, and in
which Alpha E. Thornbury was named as beneficiary.  Oc-
tober 22, 1920, Lovey instituted an action in Tehama County
against Brown, as trustor, the Berkeley Bank of Savings and

Trust Company, as trustee, Alpha E. Thornbury, as bene-
ficiary, and others, to set aside said alleged trust as fraudu-
lent. After trial a decree was duly made, entered, and
recorded October 13, 1921, declaring said purported deed
of trust from Brown to the Berkeley Bank of Savings,
fraudulent and void and directing the cancellation thereof
and a reconveyance from Brown to Lovey. This pur-
ported trust conveyance was accordingly duly canceled by
Brown on November 17, 1921, and a deed of grant from
Brown to Lovey was duly executed and recorded January
4, 1922. No appeal was taken from this decree and it
became final. No claim of interest in this property was
made by the defendants in this case until May 22, 1924,
more than three and a half years after the filing of said
suit to cancel the Brown deed. No claim has ever been
made in this action, or at all, that said decree canceling
the Brown deed was procured by fraud.

In spite of the fact that Alpha E. Thornbury, the original
beneficiary of the fraudulent Brown deed, appeared by at-
torney and defended in the action to cancel that instrument,
it now appears in this action that she had previously executed
an assignment of her interest in this trust deed to the three
defendants in this action, Curley, Westover, and Goggin,
and that said assignment was recorded July 1, 1920. It
does not appear why Thornbury, who claims to have pre-
viously disposed of all her interest in this deed, should
have defended against that action to cancel the deed, unless
we may presume that she represented and defended the
interest of her assignees. These beneficiaries, by assignment,
however, were not made parties defendant in that action,
which resulted in the cancellation of the Brown trust deed
of March 22, 1920. It is now claimed by the appellant in
this case that the failure to make them parties defendant
in the former action was a fatal omission, and that these
beneficiaries by assignment are not bound by that decree of
cancellation of the trust deed.

[1] It is also a significant fact that no showing or
claim, by these defendants, was alleged in the pleadings,
nor made at this trial, to the effect that they were without
actual knowledge of the pending of the suit to cancel the
Brown deed for fraud. From their silence as to actual
notice of this trial, and from the fact that their assignor

actually appeared and defended in that action, we must presume that these beneficiaries did have such notice.

On May 22, 1924, these defendants, as beneficiaries, by assignment, purported to substitute David Cosgrave as a trustee thereof in the place of the Berkeley Bank of Savings. Whereupon said substituted trustee proceeded to publish notice of sale under said canceled Brown deed, and on July 5, 1924, purported to sell and convey said property to these defendants, Curley, Westover, and Goggin, as purchasers thereof. This suit to quiet title was then instituted and the trial court found that said purported sale was void, and that these defendants have no right, title, or interest in or to said real property.

[2] The general rule is that in all proceedings affecting a trust estate, whether brought by or against third persons, the trustee and *cestui que trust* are so far independent of each other that the latter must be made a party to the suit in order to be bound by the judgment or decree rendered therein. Hence a judgment against the trustee alone, the beneficiary not being a party thereto, does not bind the latter as a general rule, and so, in an action where it is sought to subject the trust estate to the satisfaction of the judgment, the beneficiary may challenge the validity of the judgment and show that it is not enforceable against the trust property. (26 R. C. L. 1343, sec. 208.) But this general rule is subject to many exceptions, and the necessity of making a beneficiary a party to an action involving the trust depends altogether upon the nature of the action, and the authority conferred upon the trustee by the declaration of trust, and these elements must be determined by the particular facts of each case. (26 R. C. L. 1344, sec. 209; *Mitau* v. *Roddan,* 149 Cal., at p. 7 [6 L. R. A. (N. S.) 275, 84 Pac. 145].) [3] The trustee "may sue at law respecting the trust estate or defend a suit brought against him if the instrument by which the trust is created does not inhibit. The *cestui que trust,* though the absolute owner in equity, is regarded in a court of law in the light of a stranger." (26 R. C. L. 1341, sec. 205.)

Pomeroy's Remedies and Remedial Rights, section 357, says: "There is a broad distinction between the case of an action brought in opposition to the trust to set aside the deed or other instrument by which it was created, and to

procure it to be declared a nullity, and that of an action brought in furtherance of the trust to enforce its provisions, to establish it as valid, or to procure it to be wound up and settled. In the first case, the suit may be maintained without the presence of the beneficiaries, since the trustees represent them all, and defend them.''

In *Kerrison* v. *Stewart*, 93 U. S. 155 [23 L. Ed. 843, see, also, Rose's U. S. Notes], the syllabus gives a concise and clear statement of this principle as it was applied in that case, as follows: ''Where a trustee represents his beneficiaries in all things relating to the trust property, they (the beneficiaries) are not necessary parties to a suit against him, by a stranger to enforce or declare void the trust. In such a case the beneficiaries, although not parties, are bound by the judgment, unless it is impeached for fraud or collusion between the trustee and the adverse party.'' (*Re Franklin Brewing Co.*, 254 Fed. 911.)

[4] In the instant case the appeal is from the judgment only. The record of the evidence is not before this court. It must therefore be presumed that the trust deed involved in this action conferred upon the trustee all necessary power and authority to act for and in behalf of the beneficiaries in everything relating to the trust, including the right to appear and defend the action in their behalf, in which the deed was canceled as fraudulent and void. And in this case no contention has ever been made that there was collusion on the part of the former trustee or that the decree of cancellation was procured by fraud.

In *Rogers* v. *Rogers*, 3 Paige (N. Y.), 379, and in *Wakeman* v. *Grover*, 4 Paige (N. Y.), 23, the court distinguishes between actions attacking the validity of the trust deed itself and actions adverse to the beneficiaries, but consistent with the validity of the deed, holding that in the former the beneficiaries are bound by the suit against the trustee alone, while under the latter circumstances the beneficiaries will not be bound unless they are parties to the action.

In the case of *Sherman* v. *Goodwin*, 15 Ariz. 47 [135 Pac. 719], in a suit to quiet title against a trust deed, a decree against the trustee was held to be binding upon the beneficiary, although he was not a party to the action. In support of this conclusion the court quotes at length and with approval the decision of our supreme court in the case

of *Watkins* v. *Bryant*, 91 Cal. 492 [27 Pac. 775]. With respect to the failure to include the beneficiary as a party defendant, Mr. Justice Cunningham, in his opinion, says: "The duty of the trustee under the trust deed to protect the interest of the holder of these notes would have been only partially performed, if, when the action was commenced in hostility to the trust, he should fail to notify the beneficiary of such action pending, or to inform the court of the rights of a beneficiary not a party to the action, to the end that the court could perform its duty and bring in the omitted party, if such party was necessary to a complete determination of that action."

In the case of *Rejall* v. *Greenhood*, 92 Fed. 946, Mr. Justice Morrow says: "The general rule is that a judgment or decree is not evidence against one who is a stranger to the proceeding; but to this rule there is at least one exception, and that is, in an action brought in hostility to a trust to set aside a deed or other instrument by which the trust was created, and to procure it to be declared a nullity, the suit may be maintained without the presence of the beneficiaries, since the trustee represents all and defends for all. A decree rendered in such a suit binds them as effectually as if they had been made parties, and is conclusive against them."

In 15 Encyclopedia of Pleading and Practice, 639, it is said: "In the case of trust relations, the doctrine of representation is very clearly applicable, for such relations are created for the very purpose of furnishing a representative for the *cestui que trust*. Accordingly, in many but not all cases, trustees sufficiently represent their *cestui que trustent*, either as complainants or defendants, and the latter are therefore not necessary parties."

Upon examination of the authorities cited by appellant there appears to be nothing in conflict with the foregoing rule which binds a beneficiary by a judgment rendered against his trustee in an action to declare a trust deed void, even though the beneficiary is not a party to the action. Appellants' authorities uphold the general rule to the effect that an action must usually be prosecuted against the real party in interest, but they do not refute the well-established exception to that rule, which exception is so clearly expressed by Mr. Pomeroy in his text on Remedial

Remedies, and which is consistently supported by a long line of authorities.

In the case of *Watkins* v. *Bryant,* 91 Cal. 492 [27 Pac. 775], relied upon by respondents, the facts were quite similar to those in the case at bar. In that case an assignee of an interest in the property involved sought to escape from the effect of a former judgment canceling a trust deed on the ground of fraud, for the reason that the beneficiary had not been made a party to the suit. It is true, as the appellant in this case contends, that the statute of limitations was involved in that case, and that that decision might have rested upon another exception to the general rule, to wit, that the beneficiaries were so numerous as to make it "intolerably oppressive to require the plaintiff to bring them all into court." But these additional reasons for upholding the former decree canceling the trust deed involved in the Watkins case deprives it of none of its force in holding that the facts of that case brought it within the doctrine of the exception to the rule announced in Pomeroy's Remedial Remedies, section 357, heretofore quoted. After reciting this language with entire approval, the court then said: "It is contended, however, for the appellant that the decree cancelling the deed of trust was absolutely void as to this plaintiff, as he was not a party to the suit in which that decree was rendered. The answer to this is, that although not named as a party in that action, he was represented therein by the trustee, Davis. . . . (Pomeroy's Remedial Remedies, sec. 357.) This, as an exception to the general rule, applies to the case at bar, and seems to be well supported by the following and other authorities: *Kerrison* v. *Stewart,* 93 U. S. 155 [23 L. Ed. 843, see, also, Rose's U. S. Notes]; *Corcoran* v. *Chesapeake Canal Co.,* 94 U. S. 744 [24 L. Ed. 190]; *Rand* v. *Walker,* 117 U. S. 344 [29 L. Ed. 907, 6 Sup. Ct. Rep. 769]; *Richter* v. *Jerome,* 123 U. S. 246 [31 L. Ed. 132, 8 Sup. Ct. Rep. 106]; *Union R. R. Co.* v. *Dull,* 124 U. S. 173 [31 L. Ed. 417, 8 Sup. Ct. Rep. 433]; *Rogers* v. *Rogers,* 3 Paige (N. Y.), 378; *Winslow* v. *Minnesota R. R. Co.,* 4 Minn. (Gil. 230) 313 [77 Am. Dec. 519]; *Paul* v. *Fulton,* 25 Mo. 156; *Bank of British North America* v. *Suydam,* 6 How. Pr. (N. Y.) 379; Jones on Mortgages, 1399; *Mitchell* v. *Bank*

*of St. Paul,* 7 Minn. (Gil. 192) 252; *Chew* v. *Brumagen,* 80 U. S. 497 [20 L. Ed. 663]; Code Civ. Proc., sec. 369.''

The statute provides that every action must be prosecuted in the name of the real party in interest. (Code Civ. Proc., sec. 367.) But several exceptions to this rule are included within section 369 of the Code of Civil Procedure, which provides that: ''An executor or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the persons for whose benefit the action is prosecuted. . . . '' This section is construed with respect to its application to trustees in *Milau* v. *Roddan,* 149 Cal., at page 7 [6 L. R. A. (N. S.) 275, 84 Pac. 145]. Construing a statute in language precisely like that of section 369 of the Code of Civil Procedure, the supreme court of Washington in *Merz* v. *Mehner,* 57 Wash. 324 [106 Pac. 1118], with respect to section 8256 of Pierce's Code of Washington, says: ''He (the trustee) is authorized to sue without joining the person for whose benefit the suit is prosecuted. If that is true, it necessarily follows that he could be sued as a representative of the *cestui que trust.*'' Since this statute is intended to authorize the maintenance of litigation through a representative of the real party in interest, as a matter of convenience, there appears to be no real reason to distinguish between the case in which the trustee is the actor affirmatively seeking relief in behalf of the beneficiary, and those cases in which, in the performance of his duties, he may be called upon to defend the interests of the beneficiary, so long as the trustee acts in good faith, and his own interests are not in conflict with those of the beneficiary.

[5] In the case at bar, we conclude that these defendants were not necessary parties to the action declaring the Brown deed of trust void on the ground that it was procured by fraud, for the reason that under the declaration of trust it became the duty of the trustee to represent them, and all beneficiaries, in the prosecution of that case. These defendants were, however, proper parties to that action and upon application pursuant to section 387 of the Code of Civil Procedure, might have been joined as parties defendants. Their assignor Thornbury did appear and defend in said action in their behalf, and since it is not denied by these defendants, we must presume they had full

knowledge of the prosecution of that action and voluntarily refrained from intervening or defending in person. They are therefore not in a position to complain.

For the foregoing reasons the judgment is affirmed.

Finch, P. J., and Plummer, J., concurred.